114 T.C. No. 24


UNITED STATES TAX COURT


THOMAS CORSON AND JUDITH CORSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 27181-85.                    Filed May 18, 2000.


Ps T and J filed a joint Federal income tax return for the taxable year 1981, and R issued a notice of deficiency for taxes, additions to tax, and interest related thereto. Ps filed a joint petition for redetermination with this Court, and J later amended the petition to assert a claim for innocent spouse relief. Subsequently, J and R entered into a stipulation in which J conceded liability for the deficiencies determined by R but preserved her right to pursue innocent spouse relief. T and R then signed a similar stipulation settling all issues pertaining to T's tax liabilities for the 1981 year. At a later date, J and R also executed a stipulated settlement granting J complete relief from joint and several liability pursuant to sec. 6015(c), I.R.C. When T thereafter refused to sign a stipulated decision based on these agreements, R filed a motion for entry of decision. T contends that provisions of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201, 112 Stat. 685, 734, confer

upon him, as the nonelecting spouse, a right to litigate in challenge of a decision by R to grant relief under sec. 6015, I.R.C., to the electing spouse.

Held: T, the nonelecting spouse, should be afforded an opportunity to litigate the decision by R to grant relief from joint and several liability to J, the electing spouse.

Held, further, respondent's motion for entry of decision will be denied.

Stephen Benda, for petitioner Thomas Corson.

Arthur A. Oshiro, for petitioner Judith Corson.

Robert H. Schorman, Jr., for respondent.

OPINION

NIMS, Judge: This matter is before the Court on respondent's motion for entry of decision. Broadly stated, the issue to be resolved is whether objection by petitioner Thomas Corson to respondent's settlement with petitioner Judith Corson, granting her relief under section 6015(c) from joint and several liability, provides sufficient basis for the Court to deny respondent's motion for entry of decision. As more narrowly framed by the contentions of the parties, the question raised is whether provisions of the Internal Revenue Service Restructuring and Reform Act of 1998 (Restructuring Act), Pub. L. 105-206, sec.

3201, 112 Stat. 685, 734, confer upon the spouse not seeking relief from joint and several liability rights that make such a denial appropriate.

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the relevant years, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

Thomas and Judith Corson filed a joint Federal income tax return for their 1981 taxable year. (For convenience, Thomas Corson and Judith Corson will hereinafter be referred to collectively as petitioners and individually as Thomas and Judith, respectively.) Petitioners subsequently separated in 1983 and divorced in 1984. A joint notice of deficiency was issued by respondent to petitioners on April 12, 1985, determining a tax deficiency of $21,711 and additions to tax pursuant to section 6653(a)(1) and (2). Respondent further determined that the deficiency constituted a substantial underpayment attributable to tax motivated transactions, thus rendering applicable the provisions for increased interest under section 6621(d). The $21,711 deficiency resulted largely from disallowance of losses relating to petitioners' investments in one of a group of tax shelter limited partnerships. In July of

1985, petitioners filed with this Court a joint petition contesting the notice of deficiency. Both at that time resided in the State of California.

A test case involving the group of tax shelter partnerships was thereafter litigated, and investment losses were held to be nondeductible. See Krause v. Commissioner, 99 T.C. 132 (1992), affd. sub nom. Hildebrand v. Commissioner, 28 F.3d 1024 (10th Cir. 1994). Following this decision and based on its results, settlement negotiations were initiated with parties in related suits.

On June 11, 1996, Judith, now represented by separate counsel, filed a motion to amend the 1985 petition to assert her entitlement to innocent spouse relief under former section 6013(e). The motion was served on attorneys for respondent and for Thomas, and neither raised an objection. The Court granted Judith's motion and filed the amendment on June 18, 1996.

Then, in November of 1996, Judith and respondent entered into a stipulation resolving all issues with respect to Judith except that of innocent spouse relief. The settlement stated that, without considering the innocent spouse provisions of section 6013(e), an income tax deficiency of $21,711 was due from Judith for the 1981 taxable year, with increased interest under

section 6621(c) (formerly section 6621(d)), but she was not liable for additions to tax under section 6653(a)(1) or (2).

In early 1998, respondent's Appeals Office began consideration of Judith's claim for innocent spouse relief. A letter to Judith dated July 8, 1998, communicated, in part, the following:

> This letter is to inform you that all the facts and circumstances that serve as the basis for your claim for IRC 6013(e) "Innocent Spouse" relief were carefully considered. In addition, this office served notice of the claim on Thomas Corson, and requested that he furnish any information relevant to a determination as to whether or not such relief would be appropriate. In response, Mr. Corson has furnished information that must be given due consideration in this matter.

The Appeals officer then concluded: "It would be my recommendation that the requirements of the law are not met and that Innocent Spouse relief could not be approved."

On July 22, 1998, the Restructuring Act was enacted. The statute, among other things, revised and expanded the relief available to spouses filing joint returns, and Judith's attorney informed the Appeals officer that Judith elected to have the newly promulgated section 6015(c) applied for purposes of resolving her still-pending claim for relief.

Then, in November of 1998, Thomas and respondent entered into a stipulation settling all issues with respect to Thomas. Like the earlier settlement with Judith, this stipulation reflected that an income tax deficiency of $21,711 was due from

Thomas for the 1981 taxable year, with increased interest under section 6621(c), but that he was not liable for additions to tax under section 6653(a)(1) or (2).

Also in late 1998, respondent's Appeals Office denied Judith's request for complete relief from joint and several liability, and the case was released to the jurisdiction of the Internal Revenue Service District Counsel. The matter was thereafter calendared for trial beginning on May 17, 1999, in Los Angeles, California. Prior to the scheduled court appearance, Judith and respondent entered into a stipulation of settlement agreeing that Judith qualified for relief under section 6015(c) and was not liable for any deficiencies, additions to tax, or interest in connection with the 1981 taxable year. When Thomas subsequently refused to sign a stipulated decision based on this agreement with Judith and his own previous settlement, respondent on June 7, 1999, filed the motion for entry of decision that is the subject of the instant controversy.

Discussion

## I. Statutory Provisions and Case Law

As a general rule, section 6013(d)(3) provides that "if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." An exception to such joint and several liability

exists, however, for spouses able to satisfy the statutory requirements for what has traditionally been termed "innocent spouse" relief.

A. <u>Prior Innocent Spouse Law</u>

Prior to the enactment of the Restructuring Act, section 6013(e) governed the granting or denial of claims for innocent spouse relief.  Section 6013(e) read in part as follows:

> SEC. 6013(e).  Spouse Relieved of Liability in Certain Cases.--
>
> > (1) In general.--Under regulations prescribed by the Secretary, if--
> >
> > > (A) a joint return has been made under this section for a taxable year,
> > >
> > > (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse,
> > >
> > > (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and
> > >
> > > (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement,
> >
> > then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement.

The section then went on to impose an additional requirement that the understatement exceed a specified percentage of the innocent

spouse's income in order for relief to be available. See sec. 6013(e)(4). Section 6013(e) did not, however, set forth any particular procedures to be followed in seeking relief or any explicit guidelines regarding the availability of judicial review.

Taxpayers desiring to claim entitlement to the relief afforded by section 6013(e) typically did so by asserting innocent spouse status either in their initial petition to this Court for redetermination of a deficiency or in an amendment to such a petition. See Garvey v. Commissioner, T.C. Memo. 1993-354; Himmelwright v. Commissioner, T.C. Memo. 1988-114. The issue would then be settled prior to trial or would remain a contested question for judicial resolution. See Garvey v. Commissioner, supra; Himmelwright v. Commissioner, supra. If the tax liability had been paid before the mailing of a deficiency notice and section 6013(e) was invoked as the basis for a refund, this Court would have no jurisdiction over the issue, and the matter would generally be decided in U.S. District Court. Cf. sec. 6213(b)(4).

Against this statutory and procedural background, the question of whether one spouse had a right to challenge by litigation the Commissioner's decision to grant relief to the other spouse was answered in the negative. See Estate of Ravetti v. United States, 37 F.3d 1393, 1395-1396 (9th Cir. 1994); Garvey

v. Commissioner, supra; Himmelwright v. Commissioner, supra. For example, in Garvey v. Commissioner, supra, this Court was faced with a controversy having a procedural posture nearly identical to that of the instant case. The Court declined, however, to interfere with the parties' settlement negotiations and granted the Commissioner's motion for entry of decision. See id.

In deciding Garvey v. Commissioner, supra, the Court also relied on the earlier opinion issued in Himmelwright v. Commissioner, supra. In that case, Mr. Himmelwright likewise objected to the Commissioner's motion for entry of decision following his own settlement with the Commissioner and a settlement between the Commissioner and Ms. Himmelwright granting her relief under section 6013(e). See id. Mr. Himmelwright argued that he settled believing his wife would share the tax burden, but the Court, observing that his agreement was not contingent upon resolution of Ms. Himmelwright's claim, saw no reason to reject the Commissioner's concession. See id.

A similar viewpoint was taken by the Court of Appeals for the Ninth Circuit, to which appeal in the instant case would normally lie. See Estate of Ravetti v. United States, supra at 1395-1396. In Estate of Ravetti v. United States, supra at 1395, the Court of Appeals noted the basic proposition that "A taxpayer generally has no standing to challenge the tax liability

determination of another taxpayer" and, hence, concluded that "A taxpayer therefore lacks standing to challenge the 'innocent spouse' relief granted to his or her spouse."

Consequently, under prior law it is clear that Thomas's objection here would not furnish grounds for denying respondent's motion. We thus turn to whether changes wrought by the Restructuring Act demand a different result.

B. <u>Present Innocent Spouse Law</u>

The Restructuring Act revised and expanded the relief available to joint filers by striking subsection (e) from section 6013 and by promulgating in its place a new section 6015. See Restructuring Act sec. 3201(a), (e)(1), 112 Stat. 734, 740. Section 6015 was also given retroactive effect to the extent that it was made applicable to any liability for tax arising after July 22, 1998, and to any liability for tax arising on or before such date but remaining unpaid as of July 22, 1998. See Restructuring Act sec. 3201(g)(1), 112 Stat. 740.

Whereas section 6013(e) had offered only a single avenue of relief, based on a spouse's lack of knowledge or reason to know of a substantial understatement, section 6015 authorizes three types of relief. Subsection (b) provides a form of relief available to all joint filers and similar to, but less restrictive than, that previously afforded by section 6013(e). Subsection (c) permits a taxpayer who has divorced or separated

to elect to have his or her tax liability calculated as if separate returns had been filed.  Subsection (f) confers discretion upon the Commissioner to grant equitable relief, based on all facts and circumstances, in cases where relief is unavailable under subsection (b) or (c).

Subsections (a), (e), and (g) of section 6015 address general and procedural aspects relating to the operation of the section and the role therein to be played by this Court and by the Commissioner.  Portions of these subsections relevant to the present matter are set forth below:

SEC. 6015.   RELIEF FROM JOINT AND SEVERAL LIABILITY ON JOINT RETURN.

(a) In General.--Notwithstanding section 6013(d)(3)--

(1) an individual who has made a joint return may elect to seek relief under the procedures prescribed under subsection (b); and

(2) if such individual is eligible to elect the application of subsection (c), such individual may, in addition to any election under paragraph (1), elect to limit such individual's liability for any deficiency with respect to such joint return in the manner prescribed under subsection (c).

Any determination under this section shall be made without regard to community property laws.

* * * * * * *

(e) Petition for Review by Tax Court.--

(1) In general.--In the case of an individual who elects to have subsection (b) or (c) apply--

(A) In general.--The individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section if such petition is filed during the 90-day period beginning on the date on which the Secretary mails by certified or registered mail a notice to such individual of the Secretary's determination of relief available to the individual.  Notwithstanding the preceding sentence, an individual may file such petition at any time after the date which is 6 months after the date such election is filed with the Secretary and before the close of such 90-day period.

\* \* \* \* \* \* \*

(4) Notice to other spouse.--The Tax Court shall establish rules which provide the individual filing a joint return but not making the election under subsection (b) or (c) with adequate notice and an opportunity to become a party to a proceeding under either such subsection.

\* \* \* \* \* \* \*

(g) Regulations.--The Secretary shall prescribe such regulations as are necessary to carry out the provisions of this section, including--

\* \* \* \* \* \* \*

(2) regulations providing the opportunity for an individual to have notice of, and an opportunity to participate in, any administrative proceeding with respect to an election made under subsection (b) or (c) by the other individual filing the joint return.

Additionally, the Restructuring Act directed the Secretary to develop, within 180 days from the date of enactment, a form for use by taxpayers in applying for relief under section 6015.  See Restructuring Act sec. 3201(c), 112 Stat. 740.

To date, this Court has established Rules 320 through 325 which specify procedures relating to actions under section 6015. Rule 325 addresses the participation of the nonelecting spouse: paragraph (a) requires the Commissioner to serve notice of the filing of a petition under section 6015 on the nonelecting spouse, and paragraph (b) gives the nonelecting spouse 60 days in which to file a notice of intervention with the Court. The Secretary has also developed Form 8857 for the making of a section 6015 election but has not issued any regulations pursuant to section 6015(g)(2).

## II. Contentions of the Parties

The primary basis for Thomas' objection to respondent's motion for entry of decision is that section 6015(e)(4) alters prior law and gives the nonelecting spouse a right to litigate in this Court after a decision by the Commissioner to grant relief under section 6015(b) or (c) to the electing spouse. Thomas maintains that in providing the nonelecting spouse opportunity to become a party to a proceeding under section 6015(c), section 6015(e)(4) confers upon the nonelecting spouse means to challenge such a grant in this Court. Thomas finds in section 6015(e)(4) a congressional intent that the nonelecting spouse become a "full player" in the process of determining innocent spouse relief, such that each of three parties now has rights to fully litigate such issues. According to Thomas, a contrary view, which

deprives the nonelecting spouse of the chance to vindicate his or her position, renders hollow the statutorily mandated opportunity to become a party.

Thomas further asserts that he was denied an opportunity to meaningfully participate in the administrative process, as is required under section 6015(g)(2). Accordingly, Thomas' alternative position is that the Court should order reconsideration by respondent, with additional input from Thomas, of Judith's entitlement to section 6015(c) relief.

Conversely, respondent and Judith contend that the Restructuring Act does not confer upon the nonelecting spouse an independent right to litigate or contest a grant of relief under section 6015 to the electing spouse. Respondent first asserts that the provisions of section 6015(e) are inapplicable in the case of an existing judicial proceeding before the Court pursuant to section 6213(a). Moreover, with respect to those instances where section 6015(e) applies, respondent and Judith argue that interpreting the section to afford to the nonelecting spouse an independent litigation right would contravene congressional intent to make innocent spouse relief easier to obtain. They further maintain, because section 6015(e)(1) specifies that a petition to the Tax Court may be filed by the electing spouse after a determination of available relief by the Secretary (or failure to rule), that this Court has jurisdiction under the

section only over denials of relief, or disputes between the Commissioner and the electing spouse regarding such relief (i.e., partial denials). Hence, their position is that, since the nonelecting spouse has no right to raise the issue in this Court if relief is granted prior to a petition by the electing spouse, an anomalous result is created if the nonelecting spouse is permitted to pursue litigation simply because the issue was settled after suit was filed but before trial.

With respect to section 6015(g)(2), both respondent and Judith aver that any right to participate afforded to Thomas thereby was not violated. In addition, respondent maintains that the section has no applicability to the matter at hand because the decision to grant relief was made not in an administrative proceeding but in settlement of a pending court proceeding.

We conclude, for the reasons explained below, that concerns raised by promulgation of the Restructuring Act counsel us to deny respondent's motion for entry of decision.

III. Interpretation and Application

As indicated above, the ultimate issue in this case is whether Thomas' objection is a sufficient basis for denial of respondent's motion. In addressing this question, we must determine what bearing, if any, the Restructuring Act has on the right of a nonelecting spouse to litigate a grant of section 6015 relief to the electing spouse.

Under present law, there exist at least two jurisdictional bases upon which this Court may review a claim for relief from joint and several liability. Such a claim may be raised as an affirmative defense in a petition for redetermination of a deficiency filed pursuant to section 6213(a). See Butler v. Commissioner, 114 T.C. ___, ___ (2000) (slip op. at 18-20); Charlton v. Commissioner, 114 T.C. ___, ___ (2000) (slip op. at 9-10). In a deficiency proceeding, we may take into account all facts and circumstances relevant to ascertaining the correct amount of the deficiency, including affirmative defenses. See secs. 6213 and 6214; Butler v. Commissioner, supra at ___ (slip op. at 18); Woods v. Commissioner, 92 T.C. 776, 784-785 (1989); Naftel v. Commissioner, 85 T.C. 527, 533 (1985). Innocent spouse relief has traditionally been so characterized as an affirmative defense, and passage of the Restructuring Act has not negated our authority to hear it as such. See Butler v. Commissioner, supra at ___ (slip op. at 18-20).

Subsequent to the statute's enactment, we held in Butler v. Commissioner, supra at ___ (slip op. at 19-20): "our authority to review petitioner's affirmative defense that he or she is entitled to innocent spouse treatment is governed by our general jurisdiction to consider any issue which affects the deficiency

before us."  A spouse or former spouse may therefore elect to seek relief from joint and several liability by pleading the issue in a petition for redetermination of a deficiency.

A second basis upon which we may exercise jurisdiction to decide entitlement to relief from joint and several liability is that established in section 6015(e).  This provision enables an electing spouse to petition for review of an administrative determination regarding relief, or failure to rule, as a "stand alone" matter independent of any deficiency proceeding.  See Fernandez v. Commissioner, 114 T.C. ___, ___ (2000) (slip op. at 7, 9).

Here, Judith's claim for innocent spouse relief was raised as an amendment to petitioners' original petition for deficiency redetermination.  Although no subsequent filing was made to substitute a claim for relief under section 6015 for the section 6013(e) claim, the parties apparently assumed that the issue was still properly before the Court.  In such circumstances, we treat Judith's request for relief under section 6015(c) as an amendment to the petition, seeking our review of her entitlement under the new statute.  See Charlton v. Commissioner, supra at ___ (slip op. at 9-10).  We thus consider her claim within the framework of our traditional deficiency jurisdiction.

As a threshold matter, we note that "All concessions, including stipulated settlement agreements, are subject to the

Court's discretionary review" and may be rejected in the interests of justice. McGowan v. Commissioner, 67 T.C. 599, 607 (1976). We further observe that the enactment of section 6015, including the creation of a stand alone proceeding in section 6015(e), has injected into this calculus considerations not present when cases such as Estate of Ravetti v. United States, 37 F.3d 1393 (9th Cir. 1994), Garvey v. Commissioner, T.C. Memo. 1993-354, and Himmelwright v. Commissioner, T.C. Memo. 1988-114, were decided. Principally, we believe that the interests of justice would be ill served if the rights of the nonelecting spouse were to differ according to the procedural posture in which the issue of relief under section 6015 is brought before the Court. Identical issues before a single tribunal should receive similar treatment. For this reason, we cannot summarily dispose of the instant matter on the grounds of the above-mentioned cases involving section 6013(e) without addressing whether a nonelecting spouse would be afforded additional rights in a section 6015(e) proceeding and whether to extend any such rights to the present proceeding as well.

In the context of a stand alone proceeding, the right to which the nonelecting spouse is entitled by the terms of section 6015(e)(4) is "an opportunity to become a party". However, because this statutory phrase is undefined, any conclusion regarding what it entails must be based upon a probing of

congressional intent.  While legislative history is unenlightening (the only statement in the conference report accompanying the Restructuring Act which addresses the nonelecting spouse's role as a party before this Court discusses a rule not enacted, see H. Conf. Rept. 105-599, at 251 (1998)), the statutory framework surrounding section 6015(e)(4) offers guidance.

Section 6015(e)(1) is structured so that administrative consideration (or failure to rule) will precede any court action when innocent spouse status is raised in a stand alone petition. Section 6015(g)(2), in turn, contemplates an opportunity for the nonelecting spouse to participate at the administrative level. Section 6015(e)(4) then speaks of a similar chance for participation should the matter move from an administrative to a judicial forum.  Hence, as a general premise, we believe that these sections, when read together, reveal a concern on the part of the lawmakers with fairness to the nonelecting spouse and with providing him or her an opportunity to be heard on innocent spouse issues.  Presumably, the purpose of affording to the nonelecting spouse an opportunity to be heard first in administrative proceedings and then in judicial proceedings is to ensure that innocent spouse relief is granted on the merits after

taking into account all relevant evidence.  After all, easing the standards for obtaining relief is not equivalent to giving relief where unwarranted.

While we do not have before us a case for determining the precise contours of the rights granted to a nonelecting spouse under section 6015(e), we are satisfied that section 6015(e)(4) was intended to confer some participatory entitlement beyond the complete absence thereof condoned in <u>Estate of Ravetti v. United States</u>, <u>supra</u>, <u>Garvey v. Commissioner</u>, <u>supra</u>, and <u>Himmelwright v. Commissioner</u>, <u>supra</u>.  Thus, until such rights are more explicitly defined in appropriate cases, we will refrain from following a rule that could lead to an anomaly in the Court's treatment of innocent spouse issues.  We will instead effectuate the general concern for fairness and merited relief evidenced in the statute by permitting Thomas his day in court.  We further note that our disposition makes it unnecessary to reach Thomas's alternative contention.

To reflect the foregoing,

<u>An order denying respondent's motion will be issued</u>.