T.C. Summary Opinion 2002-34

UNITED STATES TAX COURT

VONNIE W. GILLISPIE, Petitioner, and MIKE GILLISPIE, Intervenor
<u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10884-99S.                    Filed April 3, 2002.

Vonnie W. Gillispie, pro se.

Mike Gillispie, pro se.

<u>Jillena A. Warner</u>, for respondent.

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code currently in effect, and all Rule references are to the Tax Court Rules of Practice and Procedure.

reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined deficiencies in petitioner's Federal income taxes and an addition to tax as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) |
|------|-----------|--------------------------------|
| 1993 | $5,362 | $1,171 |
| 1994 | 686 | – |

After concessions, the issue for decision is whether petitioner is entitled to relief from joint and several liability pursuant to section 6015(c) for the 1993 deficiency and addition to tax.

## Background

Vonnie W. Gillispie (petitioner) and Mike Gillispie (intervenor) were married during the years in issue and divorced on June 16, 1996. During the years in issue, intervenor was the sole proprietor of a residential and commercial painting business known as "Mike's Painting". Intervenor maintained an individual business checking account for Mike's Painting. Petitioner and intervenor maintained separate checking accounts in 1993.

Petitioner and intervenor filed joint Federal income tax returns for 1993 and 1994. The 1993 return was prepared by Jo Abney (Ms. Abney), intervenor's aunt, and was filed on January 8, 1997. A Schedule C, Profit or Loss From Business, for Mike's Painting was attached to the return. The Schedule C reported gross income of $188,632 and expenses of $186,473, resulting in business income of $2,159.

On April 30, 1999, respondent mailed a notice of deficiency to petitioner and intervenor for their 1993 and 1994 tax years. As a result of supplemental substantiation from intervenor after the issuance of the notice of deficiency, respondent concedes that there is no deficiency in income tax due from either petitioner or intervenor for 1994. On the basis of the supplemental information provided by intervenor, respondent decreased the 1993 deficiency and addition to tax amounts determined in the notice of deficiency and currently claims that there is a deficiency of $2,863 and an addition to tax of $546 for 1993. The revised 1993 deficiency stems from respondent's disallowance, for lack of substantiation, of a portion of costs of goods sold and business expenses reported on the Schedule C for Mike's Painting. A portion of the revised deficiency is attributable to an increase in self-employment tax due to the adjustments to the Schedule C.

On June 14, 1999, petitioner filed her petition with this Court. At approximately the same time, petitioner submitted to respondent a Form 8857, Request for Innocent Spouse Relief (And Separation of Liability and Equitable Relief), requesting relief under section 6015. Petitioner subsequently amended her petition to claim relief under section 6015. Petitioner included a copy of her Form 8857 with her amended petition.

On July 15, 1999, intervenor filed his petition with this Court. Intervenor's case was subsequently dismissed for lack of jurisdiction on the ground that the filing fee was not paid. Intervenor has filed a notice of intervention in this proceeding and objects to petitioner's being relieved of liability under section 6015.

## Discussion

Petitioner does not dispute the revised deficiency amount for 1993 or that the return for that year was not timely filed. Both petitioner and respondent agree that petitioner is entitled to relief under section 6015(c).[2] On the basis of this agreement, respondent has calculated that petitioner and intervenor are jointly liable for $654 of the revised 1993 deficiency and that intervenor is solely liable for the remaining $2,209. Respondent has also calculated that petitioner and intervenor are jointly liable for $125 of the revised addition to tax and that intervenor is solely liable for the remaining $421 of the addition to tax. Respondent's calculations are based on the application of section 6015(d)(3)(B), which generally provides that, for purposes of determining the proper allocation of a deficiency under section 6015(c), items giving rise to a deficiency that are allocable to the nonrequesting spouse must

---

[2]Petitioner does not argue that she is entitled to relief from joint and several liability under either section 6015(b) or (f).

also be allocated to the requesting spouse if the requesting spouse received a "tax benefit" from the items on the joint return.  Sec. 6015(d)(3)(B); Mora v. Commissioner, 117 T.C. 279, 293 (2001).  Respondent contends, and petitioner does not dispute, that petitioner benefited from the Schedule C items giving rise to the deficiency in the amounts listed above.

As previously mentioned, intervenor has filed a notice of intervention in this proceeding and objects to petitioner's being relieved of liability under section 6015.  Section 6015(e)(4) grants the nonelecting spouse some participatory entitlement in an action to determine the electing spouse's right to relief from joint and several liability pursuant to section 6015.  Corson v. Commissioner, 114 T.C. 354, 364-365 (2000).  Therefore, in light of intervenor's opposition to petitioner's being granted relief from joint and several liability, we shall proceed to examine the requirements of section 6015(c) to decide whether petitioner is entitled to relief under this subsection.

Section 6015(c) provides relief from joint and several liability for spouses either no longer married, legally separated, or living apart.  Generally, this avenue of relief allows a spouse to elect to be treated, for purposes of determining tax liability, as if separate returns had been filed. Section 6015(c) provides, in pertinent part:

SEC. 6015(c). Procedures to Limit Liability for Taxpayers No Longer Married or Taxpayers Legally Separated or Not Living Together.--

(1) In general.--Except as provided in this subsection, if an individual who has made a joint return for any taxable year elects the application of this subsection, the individual's liability for any deficiency which is assessed with respect to the return shall not exceed the portion of such deficiency properly allocable to the individual under subsection (d).

(2) Burden of proof.--Except as provided in subparagraph (A)(ii) or (C) of paragraph (3), each individual who elects the application of this subsection shall have the burden of proof with respect to establishing the portion of any deficiency allocable to such individual.

(3) Election.--

* * * * * * *

(C) Election not valid with respect to certain deficiencies.--If the Secretary demonstrates that an individual making an election under this subsection had actual knowledge, at the time such individual signed the return, of any item giving rise to a deficiency (or portion thereof) which is not allocable to such individual under subsection (d), such election shall not apply to such deficiency (or portion). * * *

The items giving rise to the deficiency for 1993 related to intervenor's sole proprietorship, Mike's Painting. "'The allocation of business deductions is expected to follow the ownership of the business.'" Charlton v. Commissioner, T.C. Memo. 2001-76 (quoting S. Rept. 105-174, at 57 (1998), 1998-3 C.B. 537, 593). In the instant case, the items giving rise to the deficiency are allocable solely to intervenor because he

owned Mike's Painting, and, as more fully explained later, the evidence does not indicate that petitioner was involved in the business. Rowe v. Commissioner, T.C. Memo. 2001-325; Charlton v. Commissioner, supra. Thus, petitioner is entitled to the relief which she and respondent have agreed to unless it is shown that petitioner had "actual knowledge", at the time she signed the return, of any item giving rise to a deficiency (or portion thereof) which is not allocable to her.[3] Sec. 6015(c)(3)(C). Because the instant case involves disallowed deductions, it must be shown that petitioner had actual knowledge of the factual circumstances which made the business expenses unallowable as deductions. King v. Commissioner, 116 T.C. 198, 204 (2001).

Petitioner contends that she was not involved with Mike's Painting, she did not have access to intervenor's business records, and she did not know he maintained an office for the business in Lexington, Kentucky. Petitioner claims she did not have any idea of the tax liability attributable to Mike's Painting and points out that her name was not on any of the accounts related to the business. Intervenor argues that petitioner was aware of everything about Mike's Painting and that she assisted in running the business and keeping track of

---

[3]As previously mentioned on supra pp. 4-5, items giving rise to a deficiency that are allocable to intervenor must also be allocated to petitioner to the extent she received a "tax benefit" from the items on the joint return. Sec. 6015(d)(3)(B).

business receipts. Intervenor claims that petitioner maintained business records for Mike's Painting on her computer and that he was not involved in keeping the records. Intervenor also claims that petitioner should be held liable for the deficiency attributable to the business because joint returns were filed for 1993, and petitioner was responsible for putting together the information that was used to complete the Schedule C for Mike's Painting.

Respondent contends that he cannot demonstrate that petitioner had "actual knowledge" and, therefore, proposes to grant petitioner relief under section 6015(c). Respondent argues that since intervenor has not introduced credible evidence demonstrating that petitioner had actual knowledge of any item creating the deficiency, petitioner is entitled to relief under section 6015(c). Intervenor has filed his notice of intervention for the purpose of opposing petitioner's claim for relief under section 6015. If intervenor can establish that petitioner had "actual knowledge" of the erroneous business deductions, then petitioner should not be entitled to relief under section 6015(c).

The relevant inquiry is whether petitioner knew or believed that the costs and business expenses reported on the 1993 return were overstated. Rowe v. Commissioner, supra. At trial, petitioner credibly testified that she was not involved in the

operation of Mike's Painting, she was unaware of the business's financial transactions, and she did not have access to the business records. The evidence in the record shows that intervenor maintained a separate individual business account for Mike's Painting, and he admitted at trial that petitioner did not have signatory authority on the account. At trial, Ms. Abney testified that she prepared the 1993 Schedule C based on check stubs, receipts, and invoices, which were provided to her in plastic bags. She testified that she was not provided with any computer printouts and that she did not know whether petitioner used her computer to maintain business records for Mike's Painting. Ms. Abney further testified that she did not sit down with petitioner and go over the business records pertaining to Mike's Painting. Intervenor's testimony that petitioner was involved in the operation of Mike's Painting and maintained the business records is not corroborated by other testimony and is not supported by the evidence in the record. But even if petitioner had some involvement with the business, there is no evidence in the record that she had knowledge of the facts that gave rise to the deficiency. Accordingly, we conclude that petitioner did not have actual knowledge of the factual circumstances which made the business expenses unallowable as deductions, because it has not been shown that petitioner knew or

believed that the business expenses reported on the 1993 return were overstated.

As previously mentioned, petitioner does not dispute respondent's application of section 6015(d)(3)(B) to allocate $654 of the revised deficiency and $125 of the revised addition to tax to both petitioner and intervenor. Accordingly, we hold that petitioner is entitled to relief from joint and several liability under section 6015(c) to the extent she did not receive a tax benefit from intervenor's erroneous business deductions.

Decision will be entered

under Rule 155.