T.C. Summary Opinion 2005-69


UNITED STATES TAX COURT


DENISE RENEE LINGWALL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5031-04S.                    Filed June 2, 2005.


Denise Renee Lingwall, pro se.

<u>John C. Schmittdiel</u>, for respondent.


KROUPA, <u>Judge</u>:  This collection review proceeding was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Subsequent section references are to the Internal Revenue Code, as amended.  Rule references are to the Tax Court Rules of Practice and Procedure.

This matter is before the Court on respondent's Motion for Summary Judgment, filed pursuant to Rule 121. Respondent contends that he is entitled to summary judgment that the Office of Appeals (Appeals Office) did not abuse its discretion in determining that it was appropriate to file a tax lien against petitioner with regard to her unpaid Federal income taxes for 1997 and 1998.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As discussed in detail below, we conclude that there is no dispute as to a material fact in this case and respondent is entitled to judgment as a matter of law. Consequently, we shall grant respondent's motion.

## Background

The record establishes and/or the parties do not dispute the following. Petitioner resided in Ham Lake, Minnesota, at the time the petition was filed. Petitioner filed joint Federal income tax returns with her now former spouse, Curtis J. Lingwall, for the taxable years 1997 and 1998, on August 16, 1998, and April 20, 1999, respectively. Although both tax returns reported taxes due, petitioner and her former spouse failed to remit payment with the returns.

Petitioner subsequently submitted to respondent a request for relief from joint and several liability on a joint return for 1997 and 1998. Respondent issued to petitioner on August 15, 2001, a Final Notice denying her request for relief for 1997 and 1998. Petitioner did not file with the Court a petition challenging respondent's determination.

Almost 2 years later, on April 17, 2003, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 regarding her unpaid tax liabilities for 1997 and 1998. On May 16, 2003, petitioner submitted to respondent a Form 12153, Request for a Collection Due Process

Hearing under section 6330, in which she asserted that her former spouse was responsible for the unpaid taxes.

On February 18, 2004, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) (Determination Notice) that acknowledged petitioner asserted in her collection hearing request that her former spouse was responsible for the tax liabilities. Respondent explained, however, that because petitioner had "been through the Innocent Spouse claim process, you know that both you and your ex-spouse are separately responsible for the entire amount of the joint liability." The Determination Notice also stated that petitioner failed to raise an appropriate spousal defense. Respondent determined in the Determination Notice that the filing of the notice of Federal tax lien was appropriate.

On March 19, 2004, petitioner filed with the Court a petition for lien or levy action challenging respondent's Determination Notice.[2] Petitioner's sole contention is that she paid her fair share of the unpaid tax liabilities.

As previously mentioned, respondent filed a Motion for Summary Judgment. Petitioner filed an objection to respondent's motion on May 5, 2005, repeating her assertion that her former spouse is responsible for the tax liabilities.

---

[2] The parties do not dispute that the petition in this case was timely filed under secs. 6330 and 7502(a).

## Discussion

### Lien and Levy Actions

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person when a demand for the payment of taxes has been made and the person fails to pay those taxes. Such a lien arises when the Commissioner makes an assessment. Sec. 6322. The lien imposed under section 6321 is not valid, however, against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until the Secretary has filed a notice of Federal tax lien with the appropriate authorities. Sec. 6323(a); Behling v. Commissioner, 118 T.C. 572, 575 (2002).

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a Federal tax lien under section 6323. Such notice must be provided not more than 5 business days after the day of the filing of the notice of lien (5-day period). Sec. 6320(a)(2). Section 6320 further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within 30 days beginning on the day after the 5-day period. Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).

Section 6330(c)(2) outlines the issues that a person may raise at an administrative hearing. Those issues include appropriate spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(4) bars a person from raising at an administrative hearing an issue that was raised and considered at a previous administrative or judicial proceeding if the person seeking to raise the issue "participated meaningfully" in such hearing or proceeding.

Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or Federal district court, as appropriate.

Claims for Relief From Joint and Several Liability

Section 6013(d)(3) provides that if a husband and wife make a joint Federal income tax return, "the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." Section 6015(a) provides, however, that, notwithstanding section 6013(d)(3), an individual who has made a joint return may elect to seek relief from joint and several liability on such return.

Congress vested this Court with jurisdiction to review a taxpayer's election to claim relief from joint and several liability on a joint return under varying circumstances. See King v. Commissioner, 115 T.C. 118, 121-122 (2000); Corson v.

Commissioner, 114 T.C. 354, 363-364 (2000). As relevant in this case, a person may file a so-called stand alone petition seeking relief from joint and several liability on a joint return in response to the Commissioner's final notice disallowing a claim for relief. See sec. 6015(e)(1); Mora v. Commissioner, 117 T.C. 279 (2001). Such a petition must be filed within 90 days of the date that the Commissioner mailed the final notice disallowing relief. Sec. 6015(e)(1)(A).

Analysis

The record in this case reflects that respondent issued a final notice to petitioner disallowing her claim for relief from joint and several liability for 1997 and 1998 in August 2001. Petitioner did not file, however, a petition with the Court challenging respondent's determination. Petitioner does not allege that the final notice was not mailed to her correct address. In any event, the 90-day period in which petitioner could have invoked this Court's jurisdiction under section 6015(e) has long since expired.

Under the circumstances, we conclude that the Appeals Office correctly determined that section 6330(c)(4) barred petitioner from attempting to resurrect her claim for relief under section 6015 during her collection review hearing initiated under section

6320.[3]  Simply put, petitioner participated in an earlier administrative proceeding in which respondent determined that she was not entitled to relief under section 6015.  Respondent issued a final written notice of determination to petitioner explaining her right to obtain judicial review of respondent's determination in the Tax Court.  Petitioner failed to avail herself of that opportunity, however.  Moreover, petitioner has not offered any argument that she did not "meaningfully" participate in the earlier section 6015 administrative proceeding within the meaning of section 6330(c)(4).  Consistent with the foregoing, we hold that petitioner is barred by section 6330(c)(4) from attempting to raise her claim for relief under section 6015 in this proceeding.

Petitioner has failed to raise any other valid challenge to respondent's collection action.  There being no other valid issue for consideration, we shall grant respondent's Motion for Summary Judgment.

To reflect the foregoing,

An appropriate order and decision will be entered granting respondent's motion for summary judgment.

---

[3]  See sec. 301.6320-1(e)(2), Proced. & Admin. Regs. ("A taxpayer may raise any appropriate spousal defenses at a CDP hearing unless the Commissioner has already made a final determination as to spousal defenses in a statutory notice of deficiency or final determination letter.")