T.C. Summary Opinion 2007-111

UNITED STATES TAX COURT

CHRISTINE ANN ELLIOTT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 676-06S.                    Filed July 2, 2007.

Christine Ann Elliott, pro se.

Catherine G. Chang, for respondent.

PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This case involves petitioner's election to seek relief from joint and several liability for Federal income tax for the tax year 2001. The issue for decision is whether petitioner is entitled to relief under section 6015(b), (c), or (f).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of the filing of the petition, petitioner resided in Kentfield, California.

Petitioner has a history of temporal lobe epilepsy and is borderline learning disabled in arithmetic. When petitioner was 17 years old, she underwent involuntary electric shock treatment after her parents admitted her to a hospital. Petitioner alleges that the electric shock treatment left her with dyslexia, short-term and long-term memory loss, cognitive deficiencies, and seizure disorders for which she has had to compensate for the past 34 years.

Petitioner married Kirk Elliott in 1999. During tax year 2001, petitioner held an individual retirement account (IRA) in her own name with the Resources Trust Company. Petitioner had been married previously, and her first husband established the account for her pursuant to their divorce settlement. During tax

year 2001, petitioner and Mr. Elliott agreed that petitioner would request an early IRA distribution. Mr. Elliott filled out at least two forms requesting early distributions from petitioner's IRA. The forms indicated that petitioner elected to not have Federal income tax withheld from the gross distribution amount requested. Petitioner signed all of the forms requesting early distributions from her IRA and during tax year 2001 received distributions totaling $25,249. Resources Trust Company directly deposited the early IRA distributions into a bank account jointly held by petitioner and Mr. Elliott. Petitioner and Mr. Elliott filed a joint Federal income tax return for tax year 2001 but did not report the early distributions from petitioner's IRA.[1] Petitioner and Mr. Elliott filed for divorce in May 2003, but at the time of trial, the divorce was not yet final.

Although an Internal Revenue Service Form 8857, Request for Innocent Spouse Relief, was not made a part of the record, respondent does not deny that petitioner submitted a request for relief. On October 21, 2005, respondent issued a Notice of Determination denying petitioner's request for relief under section 6015(b), (c), and (f). On January 9, 2006, petitioner

---

[1] There is no indication in the record whether a Notice of Deficiency was issued, but petitioner does not contest the amount of tax due or that it was properly assessed.

filed with this Court a stand-alone petition contesting respondent's determination.[2]

### Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). Each spouse filing a joint return is jointly and severally liable for the accuracy of the return and the entire tax due for that year. Sec. 6013(d)(3). A spouse who has filed a joint return may, however, seek relief from joint and several liability by following procedures established in section 6015. Sec. 6015(a).

Under section 6015(a), a requesting spouse may seek relief from liability under section 6015(b) or, if eligible, may allocate liability according to the provisions under section 6015(c). If relief is not available under section 6015(b) or (c), then an individual may seek equitable relief under section 6015(f). Section 6015(f) permits relief from joint and several liability where "it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either)". Except as otherwise provided in section 6015, petitioner bears

---

[2] Sec. 6015(e) vests the Court with jurisdiction to review an election for relief from joint and several liability arising from a stand-alone petition. Cases brought under sec. 6015(e) have become known as "stand alone" cases because only the right to spousal relief is in issue, independent of any deficiency proceeding. See Corson v. Commissioner, 114 T.C. 354, 363 (2000); Fernandez v. Commissioner, 114 T.C. 324, 329 (2000).

the burden of proof.  Rule 142(a); <u>Alt v. Commissioner</u>, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

1.  <u>Section 6015(b)</u>

Section 6015(b) provides relief from joint and several liability for tax (including interest, penalties, and other amounts) to the extent that such liability is attributable to an understatement of tax.  To be eligible for relief, the requesting spouse must satisfy the following five elements of section 6015(b)(1):

> (A) a joint return has been made for a taxable year;
>
> (B) on such return there is an understatement of tax attributable to erroneous items of 1 individual filing the joint return;
>
> (C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement;
>
> (D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and,
>
> (E) the other individual [timely] elects (in such form as the Secretary may prescribe) the benefits of this subsection * * *.

With respect to the last three elements, petitioner is not the "other individual" described in section 6015(b)(1).  The IRA was petitioner's separate account, to which Mr. Elliott had no access without petitioner's signature.  Petitioner admitted that she signed the early distribution forms, and that the money was

transferred from her individual IRA to her joint account with Mr. Elliott.  She knew of the transactions and did not ask Mr. Elliott whether the amounts were reported on their joint Federal income tax return.  Petitioner cannot be granted relief for understatements that are attributable to her own erroneous items. See Hopkins v. Commissioner, 121 T.C. 73, 77 (2003).  We agree with respondent that petitioner is not entitled to relief under section 6015(b).

2.  Section 6015(c)

Section 6015(c) allows a taxpayer who is eligible and so elects to limit his or her liability to the portion of a deficiency that is properly allocable to the taxpayer as provided in section 6015(d).  Sec. 6015(c)(1).  Generally, this avenue of relief allows a spouse to elect to be treated as if a separate return had been filed.  Rowe v. Commissioner, T.C. Memo. 2001-325.  To be eligible for relief under section 6015(c), the requesting spouse must be no longer married to, be legally separated from, or have lived at least 12 months apart from the individual with whom the tax return was filed.  Sec. 6015(c)(3)(A)(i).  Relief under section 6015(c) is not available, however, to a taxpayer if it is shown that the taxpayer had actual knowledge when signing the return of any "item" giving rise to a deficiency.  Sec. 6015(c)(3)(C).  In the case of omitted income, knowledge of the item includes knowledge of

receipt of the income. See <u>Reser v. Commissioner</u>, 112 F.3d 1258, 1265 (5th Cir. 1997), affg. in part and revg. in part T.C. Memo. 1995-572; sec. 1.6015-3(c)(2)(i)(A), Income Tax Regs.

Petitioner and Mr. Elliott separated in 2003, and they had lived apart for over 12 months at the time of the filing of the petition. However, as noted above, the items giving rise to the deficiency on the joint return are the unreported early distributions from petitioner's separate IRA. Petitioner allowed Mr. Elliott to fill out the early distribution forms, petitioner signed her name to the forms, and the distribution was deposited into petitioner and Mr. Elliott's joint bank account. Petitioner admitted that she knew about the IRA withdrawals, and that she discussed it with Mr. Elliott before they withdrew the amounts.

Petitioner argues that her cognitive deficiencies and learning disabilities prevent her from understanding forms and numbers, so she had to rely on others, including Mr. Elliott, to prepare her tax returns and handle her finances. Petitioner testified that Mr. Elliott filled out financial forms, and she signed them, trusting that her husband was doing what was in her best interest since she could not comprehend the forms. Even though petitioner could not comprehend forms, she testified that she asked Mr. Elliott questions to determine whether the amounts on the return were correct. She admitted, however, that she did not ask him whether the IRA distributions were reported on the

return. The Court is sympathetic to petitioner's situation, but a spouse requesting relief under section 6015 has a duty of inquiry. Butler v. Commissioner, 114 T.C. 276, 284 (2000). Based on the foregoing, petitioner had actual knowledge of the distribution from her IRA, see sec. 1.6015-3(c)(2)(i)(A), Income Tax Regs., and this precludes the Court from granting her relief under section 6015(c).

3. Section 6015(f)

Since petitioner is not entitled to relief under section 6015(b) or (c), we consider whether petitioner qualifies for relief under section 6015(f). Section 6015(f)(1) provides that a taxpayer may be relieved from joint and several liability if it is determined, after considering all the facts and circumstances, that it is inequitable to hold the taxpayer liable for the unpaid tax or deficiency. This Court reviews the Commissioner's denial of relief pursuant to section 6015(f) under an abuse of discretion standard. Fernandez v. Commissioner, 114 T.C. 324, 331 (2000); Butler v. Commissioner, supra at 287-292. Petitioner bears the burden of proving that respondent's denial of equitable relief under section 6015(f) was an abuse of discretion. See Rule 142(a); Alt v. Commissioner, supra at 311. Petitioner must demonstrate that respondent exercised his discretion arbitrarily, capriciously, or without sound basis in fact. Jonson v.

Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003).

As directed by section 6015(f), the Commissioner has prescribed guidelines for determining whether a spouse qualifies for relief under subsection (f). The applicable provisions are found in Rev. Proc. 2003-61, 2003-2 C.B. 296, modifying Rev. Proc. 2000-15, 2000-1 C.B. 447. According to Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at 297 of the guideline, the requesting spouse must satisfy seven conditions (threshold conditions) before the Commissioner will consider a request for relief under section 6015(f). The threshold conditions of this section are stated in the conjunctive, and each condition must be satisfied to be eligible to submit a request for equitable relief under section 6015(f). Id.

Under Rev. Proc. 2003-61, sec. 4.01(7), the income tax liability from which the requesting spouse seeks relief must be attributable to an item of the individual with whom the requesting spouse filed the joint return, unless one of four stated exceptions applies. The only exception relevant to petitioner's case applies if the requesting spouse establishes that he or she was the victim of abuse prior to the time the return was signed, and that fear of retaliation prevented the requesting spouse from challenging the treatment of items on the return. Rev. Proc. 2003-61, sec. 4.01(7)(d), 2003-2 C.B. at 298.

Petitioner alleges that Mr. Elliott was abusive, but the abuse she reported was toward her daughter, and she was not aware of the abuse until 2 years after the return at issue was signed. Since the reported abuse does not meet the requirements of this exception, and the disbursement from petitioner's IRA is attributable to her, we agree with respondent that petitioner has not met the threshold requirements for relief found in Rev. Proc. 2003-61, sec. 4.01 of the applicable guidelines. Since petitioner has not met the threshold requirements, we find that respondent did not act arbitrarily, capriciously, or without sound basis in fact, and therefore conclude that petitioner does not qualify for relief under section 6015(f).

To reflect the foregoing,

Decision will be entered

for respondent.