T.C. Memo. 2007-99

UNITED STATES TAX COURT

CONNIE LUCIC, Petitioner, AND MICHEL J. LUCIC, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21310-04.                    Filed April 24, 2007.

<u>Timothy J. Burke</u>, for petitioner.

Michel J. Lucic, pro se.

<u>Nina P. Ching</u>, for respondent.


MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  This case is before the Court on
respondent's motion for entry of decision.

Background

Petitioner and intervenor filed a joint tax return for taxable year 2000. Taxes were reported on the joint tax return but were not paid.

Petitioner submitted to respondent a Form 8857, Request for Innocent Spouse Relief, with respect to her 2000 joint liability. Respondent denied the requested relief. Petitioner timely petitioned this Court, seeking relief pursuant to section 6015(f).[1] When she filed her petition, petitioner resided in Norwood, Massachusetts.

On December 29, 2004, respondent notified intervenor of petitioner's filing of her petition and of intervenor's right to intervene. On January 7, 2005, intervenor filed a timely notice of intervention. On February 23, 2005, intervenor filed an answer to petitioner's amended petition, praying that the Court deny petitioner's request for relief.

On May 17, 2005, the parties, including intervenor, were served with the Court's notice setting the case for trial at this Court's Boston, Massachusetts, trial session beginning October 17, 2005.[2] The notice stated, among other things: "YOUR FAILURE

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] By Order dated Sept. 14, 2005, there was also set for hearing at the Oct. 17, 2005, Boston trial session respondent's

(continued...)

TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU."

On October 17, 2005, this case was called from the calendar at the Boston trial session.  Counsel for respondent and counsel for petitioner appeared and filed a stipulation of settled issues between petitioner and respondent, indicating that petitioner was entitled to relief from joint and several liability pursuant to section 6015(f) for 2000 and that no income taxes or additions to tax were due from petitioner.  Respondent's counsel reported to the Court:  "We are unable to obtain an agreement from the intervenor to sign any sort of decision document."  Intervenor failed to appear at the calendar call and did not communicate with the Court beforehand about the scheduled trial.

On November 10, 2005, respondent filed a motion for entry of decision pursuant to the stipulation of settled issues.  On November 21, 2005, intervenor filed objections to respondent's motion for entry of decision.  Intervenor objected to respondent's motion for entry of decision on the grounds that he was improperly excluded from pretrial conferences that allegedly occurred between respondent and petitioner, that he relied on respondent to fully prosecute this matter against petitioner's

---

[2](...continued)
motion to impose sanctions with respect to respondent's motions to compel discovery, filed Aug. 31, 2005.  This Order did not displace the May 17, 2005, notice setting the case for trial.

request for relief, and that respondent and petitioner are perpetrating a fraud on the Court. Intervenor's objections indicated that respondent had notified him approximately 2 weeks before the scheduled trial session of respondent's intentions to concede the case but that intervenor had nevertheless decided, for financial reasons, not to appear for the trial.

On December 20, 2005, respondent filed a response to intervenor's objections. On January 9, 2006, petitioner filed a response to intervenor's objections, urging that intervenor's objections be denied and that respondent's motion for entry of decision be granted.

On July 25, 2006, this Court issued its Opinion in Billings v. Commissioner, 127 T.C. 7 (2006), holding that the Court does not have jurisdiction to review the Commissioner's denial of relief under section 6015(f) in a case where no deficiency has been asserted. Our holding in Billings was in accord with the appellate courts' opinions in Bartman v. Commissioner, 446 F.3d 785 (8th Cir. 2006), affg. in part and vacating T.C. Memo. 2004-93, and Commissioner v. Ewing, 439 F.3d 1009 (9th Cir. 2006), revg. 118 T.C. 494 (2002).

On August 17, 2006, this Court ordered the parties, including intervenor, to file responses addressing the Court's jurisdiction over this case in light of the Court's holding in Billings v. Commissioner, supra. In his response, filed

September 19, 2006, respondent contended that in light of Billings v. Commissioner, supra, the Court lacked jurisdiction over this case. Petitioner's response contended that the Court possessed the requisite authority to enter the stipulated decision in this case. The Court received no response from intervenor.

In the Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. C, sec. 408, 120 Stat. 3061, Congress reinstated our jurisdiction to review the Commissioner's determinations under section 6015(f) with respect to tax liability remaining unpaid on or after December 20, 2006. By Order dated January 10, 2007, we ordered the parties, including intervenor, to file responses addressing the Court's jurisdiction in this case. In his response filed February 5, 2007, respondent indicated that petitioner's liability for tax year 2000 remained unpaid as of December 20, 2006, so that under the recent amendment to section 6015, this Court has jurisdiction over this case. Similarly, in her response filed January 9, 2007, petitioner maintained that this Court has jurisdiction over this case. The Court has received no response from intervenor.

## Discussion

It is undisputed that petitioner's liability for tax year 2000 remained unpaid as of December 20, 2006. Accordingly, pursuant to the recent amendment to section 6015 by the Tax

Relief and Health Care Act of 2006, this Court has jurisdiction over this case to review the Commissioner's determination under section 6015(f).

Intervenor, as the nonelecting spouse, had the right to intervene in this proceeding by filing a notice of intervention. Sec. 6015(e)(4); Rule 325; Corson v. Commissioner, 114 T.C. 354, 364-365 (2000). By exercising that right, intervenor became a party to this case. Tipton v. Commissioner, 127 T.C. 214, 217 (2006). An intervenor, however, "is not granted rights or immunities superior to those of the other parties, may not enlarge the issues or alter the nature of the proceeding, and must abide by the Court's Rules". Id. An intervenor who has been properly notified of trial has no immunity from dismissal for failure to appear in Court when the case is called for trial. Id. at 218. This Court may dismiss an intervenor for failure to prosecute. Id.

On May 17, 2005, this Court served on the parties, including intervenor, a notice setting case for trial at the session of the Court commencing in Boston, Massachusetts, on October 17, 2005. When the case was called from the calendar on October 17, 2005, respondent's and petitioner's counsels appeared and filed a stipulation of settled issues between petitioner and respondent. Intervenor, however, failed to appear, did not notify the Court in advance that he was unable to appear, did not move for a

continuance, and did not otherwise communicate his intentions to the Court.  In addition, intervenor has never responded to the Court's Orders of August 17, 2006, and January 10, 2007.

Intervenor has offered no cognizable reason for failing to appear for trial.[3]  Instead, intervenor contends that he relied on respondent to prosecute this matter against petitioner's request for relief.  Intervenor's reliance on respondent in this regard was misplaced.  Respondent was under no obligation to represent intervenor's interests in prosecuting this case.  In any event, according to intervenor's own representations, respondent's counsel informed intervenor about 2 weeks before the scheduled trial session that respondent was conceding the case.  Intervenor was on notice, then, well before the scheduled trial, that respondent would not be representing his interests in this matter.  Intervenor has only himself to blame for failing to avail himself of his opportunity to protect his interests as an intervenor in this proceeding by appearing for the scheduled trial.

Although intervenor has the right not to sign a decision document with which he disagrees, he "does not have immunity from

_____

[3] In his objections to respondent's motion for entry of decision, intervenor suggests, with little elaboration, that traveling to Boston for the trial might have been a financial hardship for him.  Intervenor did not move, however, to change the place of trial or otherwise communicate with the Court beforehand about any such financial hardship.

dismissal for failing to appear at trial and properly prosecute any claims or defenses he may have after he was properly given notice of the trial". Tipton v. Commissioner, supra at 218. Intervenor failed to appear at trial and properly prosecute any claims or defenses he may have after he was properly given notice of the trial. Accordingly, on our own motion, we shall dismiss intervenor. For the sake of completeness, however, we shall address intervenor's remaining objections to respondent's motion for entry of decision.

Intervenor contends that respondent and petitioner had pretrial conferences from which he was improperly excluded. Petitioner and respondent contend that no pretrial conferences took place; rather, they contend, as a result of petitioner's responses to respondent's discovery requests (which were also served on intervenor without objection thereto), respondent decided to concede that petitioner was entitled to relief from the 2000 joint and several tax liability. Intervenor concedes that respondent informed him 2 weeks before trial of respondent's decision to settle the case. Intervenor has failed to allege any specific facts which tend to show that respondent and petitioner engaged in any misconduct by agreeing to the stipulation of settled issues.

Intervenor also contends that respondent and petitioner are perpetrating a fraud on the Court by seeking to have this Court

enter their stipulated decision.  Intervenor has failed to allege, however, specific facts which would show "an intentional plan of deception designed to improperly influence the Court in its decision", as necessary to show fraud on the Court.  <u>Abatti v. Commissioner</u>, 86 T.C. 1319, 1325 (1986), affd. 859 F.2d 115 (9th Cir. 1988).  To the contrary, when the parties filed the stipulation of settled issues at the calendar call, respondent's counsel expressly advised the Court that intervenor was not in agreement.  Intervenor's allegations do not suggest that respondent and petitioner engaged in any wrongdoing by entering into a stipulation of settled issues or made any misrepresentation to him about the settlement.

In conclusion, intervenor has failed to prosecute this case properly or to comply with this Court's Rules and orders.  He has raised no valid objection to respondent's motion for entry of decision.  Accordingly, we shall dismiss intervenor for lack of prosecution and grant respondent's motion for entry of decision.

<u>An appropriate order and decision will be entered</u>.