127 T.C. No. 15

UNITED STATES TAX COURT

KELLY SUE TIPTON, Petitioner,
AND DARREN L. DARILEK, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10739-05.                    Filed December 18, 2006.

P petitioned this Court for redetermination of a deficiency. Subsequently, during a conference with R's Appeals Office, P requested relief from joint and several liability pursuant to sec. 6015, I.R.C. Pursuant to Rule 325(a), Tax Court Rules of Practice and Procedure, R notified I of P's request for sec. 6015, I.R.C., relief and of I's right to intervene. I filed a notice of intervention. I was sent a notice of trial by the Court and was also notified by R that R would afford P complete sec. 6015, I.R.C., relief if I failed to appear at trial. I failed to appear at trial, and R filed a motion to dismiss I for failure to prosecute.

<u>Held</u>: I, who was sent notice of trial but failed to appear at the trial of the case in which he intervened, has failed properly to prosecute any claims or defenses he may have, and, accordingly, those claims and defenses may be dismissed. Consequently, R's motion will be granted.

Kelly Sue Tipton, pro se.

Darren L. Darilek, pro se.

Jennifer K. Martwick, for respondent.


OPINION


WELLS, Judge:  The instant case is before the Court on respondent's motion to dismiss Darren L. Darilek (intervenor) for failure properly to prosecute.  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

Petitioner and intervenor filed a joint tax return for taxable year 2002 and divorced in 2003.  On March 8, 2005, respondent issued a notice of deficiency determining a deficiency of $7,173 in petitioner and intervenor's Federal income tax for taxable year 2002.  Petitioner timely petitioned this Court for a redetermination of the deficiency.  During her Appeals conference, petitioner requested relief from joint and several liability pursuant to section 6015 (section 6015 relief).  On May 25, 2006, as required by Rule 325(a), respondent notified intervenor of petitioner's request for section 6015 relief and of intervenor's right to intervene.  On July 27, 2006, intervenor timely filed a notice of intervention with this Court in which he

stated that he wished to intervene. On August 18, 2006, the Court ordered that the caption of the instant case be amended to add intervenor's name as a party and that the Clerk of the Court serve on intervenor notice of trial scheduled for October 30, 2006, in Atlanta, Georgia. On September 26, 2006, respondent sent intervenor a letter explaining that petitioner would be afforded complete section 6015 relief if intervenor failed to appear at trial. The letter asked intervenor to notify respondent whether intervenor planned to appear at the Court's October 30, 2006, trial session in Atlanta, Georgia. Intervenor did not contact respondent and did not appear at trial. At trial, respondent made the instant motion to dismiss intervenor for failure properly to prosecute. Respondent and petitioner seek to file a proposed decision, stipulated by respondent and petitioner, but not signed by intervenor, that would grant section 6015 relief to petitioner.

## Discussion

Where a spouse has sought relief from joint and several liability pursuant to section 6015(b) or (c) (requesting spouse), section 6015(e)(4) provides the other spouse who signed the return (nonrequesting spouse) a right of intervention. Corson v. Commissioner, 114 T.C. 354 (2000). Rule 325(a) provides that the Commissioner must serve the nonrequesting spouse, within 60 days of the petition for section 6015 relief, with notice of the

requesting spouse's petition for section 6015 relief and that the nonrequesting spouse has a right to intervene in the case by filing a notice of intervention with the Tax Court.  See also King v. Commissioner, 115 T.C. 118 (2000) (holding that the nonrequesting spouse is entitled to notice and, if not already a party, an opportunity to intervene to challenge the propriety of relieving the requesting spouse of liability).

In Corson v. Commissioner, supra, the taxpayers (Mr. and Mrs. Corson) filed a joint petition for redetermination with this Court.  Mrs. Corson later amended the petition to assert a claim for section 6015 relief.  Id. at 355-356.  Mrs. Corson and the Commissioner subsequently entered a stipulation in which Mrs. Corson conceded liability for the deficiency but preserved her right to pursue her claim for section 6015 relief.  Mr. Corson and the Commissioner signed a similar stipulation settling all the issues pertaining to Mr. Corson's tax liability for the year in issue.  Id. at 356-357.  After the first two stipulations had been entered, Mrs. Corson and the Commissioner executed a third stipulation granting Mrs. Corson complete section 6015 relief. When Mr. Corson refused to sign a stipulated decision based on the stipulation granting Mrs. Corson complete section 6015 relief, the Commissioner filed a motion for entry of decision. In denying the Commissioner's motion for entry of decision, we held that the nonrequesting spouse should be afforded an

opportunity to litigate the Commissioner's decision to grant section 6015 relief to the requesting spouse.  Id. at 365.  Corson, however, did not involve the issue of the nonrequesting spouse's failure to appear at trial to contest whether the requesting spouse should be granted section 6015 relief.

By intervening, the intervenor becomes a party.  King v. Commissioner, supra.  The intervening party is not granted rights or immunities superior to those of the other parties, may not enlarge the issues or alter the nature of the proceeding, and must abide by the Court's Rules.  See Vinson v. Washington Gas Light Co., 321 U.S. 489, 498 (1944) (stating that an intervening party does not have rights superior to those of the other parties and may not enlarge the issues or alter the nature of the proceeding).[1]

Rule 123(b) states that "For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner."  The Court may also dismiss a case for lack of prosecution if a petitioner inexcusably fails to appear

---

[1]In the instant case, it is not necessary to enumerate and comment upon all of the rights that are available to an intervening party in a case involving sec. 6015.  For present purposes, it is sufficient to note that those rights, whatever they may be, are not greater than the rights of the other parties to the action.

at trial and does not otherwise participate in the resolution of his claim.  Rule 149(a); <u>Rollercade, Inc. v. Commissioner</u>, 97 T.C. 113, 116-117 (1991).  Additionally, Rule 123(d) states that "A decision rendered upon a default or in consequence of a dismissal, other than a dismissal for lack of jurisdiction, shall operate as an adjudication on the merits."  However, Rule 123(b) and (d) does not mention intervenors, and the Court does not enter a decision in respect of an intervening nonrequesting spouse.  Rather, the decision that is entered with respect to section 6015 relief is one either granting or denying relief from joint liability to the requesting spouse.

A nonrequesting spouse is given the right under section 6015(e)(4) to intervene in stand-alone actions involving section 6015 relief.  <u>Van Arsdalen v. Commissioner</u>, 123 T.C. 135 (2004). Rule 325(a), <u>Corson v. Commissioner</u>, <u>supra</u>, and <u>King v. Commissioner</u>, <u>supra</u>, grant a nonrequesting spouse the right to intervene as a party and to litigate whether the Commissioner should grant section 6015 relief to a requesting spouse in a deficiency suit.  As noted above, a nonrequesting spouse who intervenes as a party does not have rights superior to those of other parties and is subject to the Court's Rules.  Accordingly, an intervenor who properly has been notified of trial has no immunity from dismissal for failure to appear in Court when the case is called for trial.  Although Rule 123(b) and (d) does not

explicitly mention intervenors, Rule 1(a) provides that "Where in any instance there is no applicable rule of procedure, the Court * * * may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent that they are suitably adaptable to govern the matter at hand."  Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may dismiss a plaintiff for failure to prosecute.[2]  A court's authority to dismiss for failure to prosecute is not limited to plaintiffs but extends to intervening parties.  See, e.g., Scottsdale Ins. Co. v. Educ. Mgmt. Inc., No. Civ. A. 04-1053 (E.D. La., Aug. 31, 2006) (holding that certain intervening parties were properly dismissed for failure to prosecute their claims where they failed to appear at properly noticed depositions).

At the call of the instant case from the Court's October 30, 2006, trial session calendar in Atlanta, Georgia, respondent presented the Court with a proposed decision stipulated by petitioner and respondent, but not signed by intervenor, that would grant petitioner complete section 6015 relief.  If intervenor did not agree with the proposed decision stipulated by respondent and petitioner, he had the right not to sign it, see Corson v. Commissioner, 114 T.C. 354 (2000), but he does not have

---

[2]We note that the power to dismiss for failure to prosecute is an inherent power of a court.  Link v. Wabash R.R. Co., 370 U.S. 626, 629-630 (1962).

immunity from dismissal for failing to appear at trial and properly prosecute any claims or defenses he may have after he was properly given notice of the trial. Despite being sent notice from the Court and from respondent that trial was scheduled for October 30, 2006, in Atlanta, Georgia, intervenor failed to appear for his "day in court" to protect whatever rights he had to intervene. Accordingly, intervenor has failed properly to prosecute any claims or defenses he may have, and those claims or defenses may be dismissed. Consequently, we will grant respondent's motion to dismiss for failure properly to prosecute. Additionally, we will file the proposed stipulated decision signed by petitioner and respondent as a stipulation of settled issues between petitioner and respondent and enter a decision in accordance with that stipulation.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.