T.C. Memo. 2010-165

UNITED STATES TAX COURT

PATRICIA DOWNS, Petitioner, AND
MICHAEL R. ALDRIDGE, Intervenor v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20833-06.                    Filed July 28, 2010.


Paul M. Kohlhoff, for petitioner.

Michael R. Aldridge, pro se.

Timothy S. Sinnott, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, Judge:  Petitioner seeks review of respondent's
determination denying her relief from joint and several liability

under section 6015(f)[1] for taxable years 1992, 1993, 1994, 1995, 1996, and 1997.  At trial respondent abandoned the determination denying relief, but intervenor opposes relief.  For the reasons stated herein, we find petitioner is entitled to relief under section 6015(f).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts are incorporated herein by this reference. Petitioner resided in Indiana when her petition was filed, and intervenor resided in Tennessee at the time his notice of intervention was filed.  The couple, divorced in 2003, share joint custody of two children born of their marriage.  Petitioner also has a child from another marriage.

Petitioner studied music education at Tennessee State University (TSU) but never studied business or accounting.  She left TSU after 1 year to work as a salesclerk and mail sorter. Petitioner was employed by LensCrafters when she married intervenor in April 1992 but quit before the birth of the couple's first child in November 1992.  Petitioner remained unemployed from 1993 through 1996.  In 1997 she began working in real estate.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Intervenor owned and operated a carwash business, Glo Pro, before and during his marriage to petitioner. Although petitioner assisted with Glo Pro occasionally, she had no formal role or financial interest in the company's operations. Intervenor participated in a second business, Pro Oil Corp. (Pro Oil), which began operating around 1996 and performed express oil changes. Intervenor managed Pro Oil's finances. Petitioner was a 50-percent shareholder in Pro Oil, as was intervenor, and she assisted with the company's daily operations. She never received a paycheck or a Form W-2, Wage and Tax Statement, from Pro Oil. Intervenor stated that her interest in the company was conveyed to another party during a corporate meeting. The details of this conveyance are both unknown and unnecessary for our determination. In 2004 intervenor sold Pro Oil for approximately $400,000 and did not share the profits with petitioner despite her efforts to recover a share of the proceeds.

It was the practice of petitioner and intervenor to have their joint returns prepared by a professional tax preparer. Petitioner also relied on a paid tax preparer before her marriage with intervenor. Petitioner was frightened of intervenor, who

angered easily.[2] Intervenor verbally abused their children and physically abused petitioner on at least one occasion. On August 6, 2003, the couple divorced.

On March 28, 1997, intervenor entered a guilty plea to one count of willful failure to file an income tax return for the year 1992 and began serving a 10-month prison sentence in November 1997. As a condition of his sentence he was required to file delinquent tax returns for years including 1992 to 1997. Petitioner and intervenor filed joint Forms 1040, U.S. Individual Income Tax Return, for tax years 1992, 1996, and 1997. Signatures for these returns are not in dispute. A joint Form 1040X, Amended U.S. Individual Income Tax Return, for tax year 1993 and joint Forms 1040 for tax years 1994 and 1995 in the names of petitioner and intervenor were also filed with respondent. Whether petitioner signed her name to the returns for these years remains in dispute. Intervenor and petitioner submitted offers-in-compromise in 1998 and 1999 for years 1990 to 1997 and 1992 to 1997, respectively.[3] Intervenor and petitioner gave a power of attorney to a third party who prepared the first

_____

[2]Intervenor was convicted of and served time for manslaughter before their marriage.

[3]The reason for denial of these offers is not disclosed by the record.

offer-in-compromise for years 1990 through 1997.  Intervenor prepared the second offer for years 1992 to 1997, which petitioner signed.[4]  Both offers were declined.

On March 25, 2002, petitioner received correspondence from the Internal Revenue Service (IRS) indicating that her overpaid tax on her 2001 return had been applied to an unpaid amount of Federal tax for tax year 1993.  On September 8 and 29, 2003, petitioner received more correspondence indicating that her overpaid tax on her 2002 return had been applied to an unpaid amount of Federal tax for tax year 1993.

On November 3, 2003, petitioner filed a Form 8857, Request for Innocent Spouse Relief, for years 1992 to 1997 on the basis that she did not participate in a tax fraud carried out by intervenor.  Petitioner's request was denied in a preliminary determination on June 8, 2004.  Respondent specified that petitioner had failed to establish her claims of abuse and economic hardship.  Petitioner timely filed an appeal requesting innocent spouse relief.  Petitioner provided information concerning economic hardship and the nature of intervenor's aggressive behavior.

On July 14, 2006, respondent issued a Notice of Determination Concerning Your Request for Relief from Joint and

---

[4]Petitioner submitted both offers jointly and notably did not identify years for which she denied joint filings.

Several Liability under Section 6015 (notice of determination) for tax years 1992 through 1997. The accompanying Appeals Office memorandum stated that the Appeals officer believed petitioner had submitted joint returns for all years. The notice of determination denied petitioner's appeal for relief under section 6015 and listed the joint liabilities as follows:

| Tax Period | Amount of Relief Requested | Amount of Tax Remaining |
|------------|----------------------------|-------------------------|
| 1992 | $93,232 | $93,232 |
| 1993 | 17,894 | 17,894 |
| 1994 | 26,541 | 26,541 |
| 1995 | 33,163 | 33,163 |
| 1996 | 22,104 | 22,104 |
| 1997 | 24,674 | 24,674 |

These amounts do not include deficiencies. Therefore, section 6015(b) and (c) does not apply.

Petitioner timely filed a petition with this Court, and intervenor timely filed a notice of intervention. A trial was held on February 13, 2008, and a further trial was held on July 8, 2009. On March 13, 2009, between those two dates, a jury in the U.S. District Court, Western District of Tennessee, returned a guilty verdict against intervenor on one count of evasion of payment of income tax for each of the tax years 1991 through 1997. Thus, on July 8, 2009, respondent reversed his earlier position by conceding that petitioner qualifies for relief under

section 6015(f) for years 1992 through 1997, including 1993 to 1995, if she satisfies the threshold requirement of having filed joint returns.

OPINION

Except as otherwise provided in section 6015, petitioner bears the burden of proof with respect to her entitlement of relief under section 6015. See Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

Petitioner does not dispute the tax liabilities assessed by respondent for the years in issue. Rather, she argues she is entitled to relief under 6015(f). Respondent agrees that petitioner is entitled to relief from the entire joint tax liability under section 6015(f). However, as previously mentioned, intervenor objects to granting petitioner section 6015 relief from liability.

A.  Joint Return

A joint return must be filed in order for a taxpayer to be granted equitable relief under section 6015(f). Raymond v. Commissioner, 119 T.C. 191 (2002). Where a taxpayer has consented to the filing of a joint return, that return may be considered joint even if only one taxpayer signed the return. Estate of Campbell v. Commissioner, 56 T.C. 1, 12-13 (1971). Whether a husband and a wife intended to file a joint return is

highly probative of whether the return qualifies as a joint return.  Stone v. Commissioner, 22 T.C. 893, 900-901 (1954).  A spouse's intent is a question of fact.  Estate of Campbell v. Commissioner, supra at 12.

As a preliminary matter, we must determine whether petitioner and intervenor intended to file jointly for tax years 1993, 1994, and 1995.

Petitioner testified that she signed returns with intervenor only for years 1992, 1996, and 1997, but not for years 1993, 1994, or 1995.  Intervenor testified petitioner signed joint returns for all years, including 1993 to 1995.  Although the signatures appear identical, petitioner testified that intervenor placed her signature on the returns for years 1993 to 1995.  The record does not establish that petitioner intended to file jointly only for some years and not for others.  We construe the testimony of both parties, and the other evidence in the record, as affirming that petitioner and intervenor intended to file joint returns for all years at issue, including 1993, 1994, and 1995.

B.  Relief Under Section 6015

In general, taxpayers filing a joint Federal income tax return are each responsible for the accuracy of their return and are jointly and severally liable for the entire tax liability due for the year of the return.  Sec. 6013(d)(3).  In certain

circumstances, however, a spouse may obtain relief from joint and several liability by satisfying the requirements of section 6015.

Section 6015(e)(4) grants the nonelecting spouse (intervenor) some participatory entitlement in an action to determine the electing spouse's (petitioner's) right to relief from joint and several liability pursuant to section 6015. Rule 325; Corson v. Commissioner, 114 T.C. 354, 364-365 (2000). By exercising that right, intervenor became a party to this case. Tipton v. Commissioner, 127 T.C. 214, 217 (2006). Therefore, in the light of intervenor's opposition to respondent's grant of innocent spouse relief to petitioner, we shall examine the requirements of section 6015(f) to decide whether petitioner is entitled to relief under subsection (f). See Wilson v. Commissioner, T.C. Memo. 2007-127.

Section 6015(f) provides an individual relief from joint and several liability if after taking into account all the facts and circumstances it is inequitable to hold the individual liable for any unpaid tax or deficiency. See Washington v. Commissioner, 120 T.C. 137, 147-152 (2003). Rev. Proc. 2003-61, 2003-2 C.B. 296, prescribes guidelines for determining whether an individual qualifies for relief under section 6015(f). Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at 297-298, sets forth seven threshold conditions that the requesting spouse must satisfy in order to be eligible to submit a request for equitable relief under section

6015(f).  If a requesting spouse satisfies the threshold requirements of Rev. Proc. 2003-61, sec. 4.01, a taxpayer may be entitled to a safe harbor whereby equitable relief under section 6015(f) will ordinarily be granted.  Id. sec. 4.02, 2003-2 C.B. at 298.  Petitioner, however, does not meet the safe-harbor requirement, and instead we shall apply the eight nonexclusive factors set forth in Rev. Proc. 2003-61, sec. 4.03(2), 2003-2 C.B. at 298-299, that the Commissioner will consider in determining whether, taking into account all the facts and circumstances, relief under section 6015(f) should be granted. These nonexclusive factors include whether:  (1) The requesting spouse is separated or divorced from the nonrequesting spouse; (2) the requesting spouse will suffer economic hardship without relief; (3) the requesting spouse did not know or have reason to know that the nonrequesting spouse would not pay the liability; (4) the nonrequesting spouse had a legal obligation to pay the outstanding liability; (5) the requesting spouse received a significant benefit from the item giving rise to the deficiency; (6) the requesting spouse has made a good faith effort to comply with income tax laws in subsequent years; (7) the requesting spouse was abused by the nonrequesting spouse; and (8) the requesting spouse was in poor mental or physical health when signing the return or requesting relief.  Id.  Rev. Proc. 2003-61, sec. 4.03(2), further provides that no single factor will be

determinative, but that all relevant factors will be considered. We will now consider these factors.

1. Marital Status

Petitioner and intervenor's divorce was finalized August 6, 2003, before petitioner filed her Form 8857 on November 3, 2003. This factor favors granting relief.

2. Knowledge or Reason To Know

Petitioner did not know nor did she have reason to know that the tax would not be paid for the years at issue. Intervenor consistently denied petitioner access to the details of his business affairs and controlled the cashflow for the household expenses. Petitioner relied on intervenor's apparent success in managing both Pro Oil's business accounts and the family's finances when she believed his assurances that he would take care of the financial matters. Consequently, petitioner's lack of knowledge as to intervenor's failure to pay outstanding tax liabilities was reasonable under the circumstances. Intervenor's testimony demonstrates he consistently made financial decisions without petitioner's knowledge and thus does not suggest that petitioner should have known of his inability to pay. This factor weighs in favor of granting relief.

3. Economic Hardship

Petitioner would suffer economic hardship if she were denied equitable relief. Petitioner's monthly income is within $1 of

her monthly expenses.  She earns $2,946 per month.  She pays $446 per month for child support, $978 per month for rent, $600 per month for food, $120 per month for her children's lunch money, and approximately $800 per month for miscellaneous expenses relating to medical, automobile, and utility bills.  Intervenor has not addressed petitioner's economic hardship, and we are satisfied that, as respondent concedes, this factor weighs in favor of granting relief.

4.  Nonrequesting Spouse's Legal Obligation

Petitioner and intervenor's marital dissolution agreement included language addressing prior income tax liabilities, but the parties agreed to cross it out.  Accordingly, this factor is neutral.

5.  Significant Benefit

There is no evidence that petitioner benefited beyond normal support from the unpaid tax liabilities.  This Court has stated that "we consider the lack of significant benefit by the taxpayer seeking relief from joint and several liability as a factor that favors granting relief under section 6015(f)."  Butner v. Commissioner, T.C. Memo. 2007-136.  Thus, we find this factor weighs in favor of relief.

6.  Good-Faith Effort To Comply With Federal Income Tax Laws

Petitioner asserts that she believed intervenor's assurances that he would take care of his tax troubles even during his

incarceration in 1997. She submitted two offers-in-compromise with intervenor and signed other delinquent joint returns in compliance with conditions of his plea bargain in 1997. Intervenor does not assert that petitioner was allowed any role in managing the family's finances or that she was complicit in the failure to file or pay taxes for all years at issue. We find this factor weighs in favor of relief.

7. Spousal Abuse

Petitioner alleged that intervenor was verbally abusive to their children and that he had been violent with her on at least one occasion. Petitioner presented records in support of her claims of abuse, harassment, and stalking, but the reported incidents occurred after the couple divorced. We find this factor neutral.

8. Mental or Physical Health

There is no evidence in the record that petitioner suffered any ailment such that she was in poor mental or physical health at the time she signed the joint returns for the years at issue or at the time she requested section 6015 relief. We find this factor neutral.

C. Conclusion

On the basis of the above, we find that petitioner intended to file joint returns with intervenor and thus satisfies the threshold requirements. We also find that the factors weigh in

favor of granting petitioner relief from joint liability under section 6015(f) despite intervenor's opposition.  Accordingly, we agree with respondent's concession that petitioner is entitled to equitable relief under section 6015(f) for the tax years at issue.

To reflect the foregoing,

<u>Decision will be entered for petitioner</u>.