T.C. Memo. 2011-205

UNITED STATES TAX COURT

VICTORIA STENNETT-BAILEY, Petitioner, AND CASMAS BAILEY,
Intervenor $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1934-10.                    Filed August 22, 2011.

Victoria Stennett-Bailey, pro se.

Casmas Bailey, pro se.

<u>Marissa J. Savit</u>, for respondent.

MEMORANDUM OPINION

HALPERN, <u>JUDGE</u>:  This case arises from a request by
petitioner of the Internal Revenue Service (IRS) for equitable
relief from joint and several liability for Federal income tax
for petitioner's 2006 taxable (calendar) year (2006).  The IRS

denied the request, and petitioner brought this action protesting that denial.  We have jurisdiction to determine the appropriate relief (if any) available to petitioner.  See sec. 6015(e)(1);[1] Pullins v. Commissioner, 136 T.C. __, __ (2011) (slip op. at 10). Both the scope and standard of our review are de novo.  Pullins v. Commissioner, supra at __ (slip op. at 11).  Petitioner bears the burden of proof.  See Rule 142(a); Pullins v. Commissioner, supra at __ (slip op. at 11).

Intervenor, petitioner's husband (Mr. Bailey), objects to the relief sought by petitioner, but since he neither executed the stipulation of facts that respondent prepared for his signature, appeared at trial (although he appeared earlier, at calendar call), nor filed a brief in this case, we assume he has declined to prosecute his objection.  We shall dismiss this case with respect to him for failure to prosecute.  See Rule 123(b); Tipton v. Commissioner, 127 T.C. 214, 218 (2006).

For the reasons that follow, we determine that petitioner is not entitled to equitable relief from joint and several liability for 2006.

---

[1]Unless otherwise noted, section references are to the Internal Revenue Code as currently in effect, and Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Some facts have been stipulated and are so found. The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference.

At the time the petition was filed, petitioner resided in New York State.

In October 2007, petitioner and Mr. Bailey made a joint return of Federal income tax (return) for 2006. They signed the return on October 12, 2007. The return shows total tax of $29,245, a withholding credit of $5,220, a credit for Federal telephone excise tax of $60, an estimated tax penalty of $314, and an amount owed of $24,279 (unpaid tax). No payment accompanied the return.

Petitioner applied to the IRS for equitable relief from joint and several liability for 2006 by submitting to it a Form 8857, Request for Innocent Spouse Relief, dated November 5, 2008 (request). In response to the request, the IRS made a preliminary determination to deny the request on the ground that petitioner had not shown that it would be unfair to hold her responsible for the unpaid tax. The IRS stated: "You did not prove, [sic] that at the time you signed the return, you had reason to believe the tax would be paid. Also, the documentation you provided does not prove economic hardship." Petitioner disagreed with the IRS' preliminary determination, but,

thereafter, the IRS finalized its determination, stating: "The information we have available does not show you meet the requirements for relief. You did not show it would be unfair to hold you responsible."

During 2006 and throughout the administrative proceeding in this case, petitioner and Mr. Bailey were married.

We conducted a trial in this case. At the conclusion of the trial, we set a schedule for both opening and answering briefs. We instructed petitioner as to the importance of submitting briefs to assist us in considering the evidence in this case since, among other things, the stipulated exhibits comprise hundreds if not more than a thousand pages. We directed her to Rule 151(e), which addresses the form and content of briefs, and we emphasized the importance of complying with the rule. Rule 151(e)(3) provides that an opening brief shall contain proposed findings of fact, in the form of numbered, concise statements of essential facts ("and not a recital of testimony nor a discussion or argument relating to the evidence or the law") supported by "references to the pages of the transcript or the exhibits or other sources relied upon to support the statement." While petitioner's opening brief does consist in part of numbered, relatively concise statements of fact, it fails to provide the required references to the trial transcript, the exhibits, or the stipulation. In his answering brief, respondent objects to many

of petitioner's proposed findings of fact as not being supported by evidence in the record. Respondent asks us to strike those portions of petitioner's opening brief that do not comply with the Rules. We shall not do so, but to the extent that we cannot easily verify petitioner's proposed findings of fact (aided in part by respondent's answering brief), we disregard them. Moreover, in her answering brief, petitioner fails to comply with the requirement of Rule 151(e) that she identify by number the statements of proposed findings of fact made by respondent in his opening brief to which she objects, setting forth her reasons for objecting. She merely makes statements of general rebuttal to many of respondent's proposed findings; e.g., with respect to respondent's proposed findings relevant to whether she knew or should have known about the 2006 underpayment of tax: "I signed the return with knowledge of the tax liability. However, this does not prove that I knew that the tax liability would not be paid by the [sic] Mr[.] Bailey, who had enough liquid assets to meet his tax obligation." Accordingly, we conclude that respondent's proposed findings of fact are correct except to the extent that petitioner objects to a particular proposed finding and identifies evidence (or we can identify evidence) supporting the objection. See, e.g., <u>Jonson v. Commissioner</u>, 118 T.C. 106, 108 n.4 (2002), affd. 353 F.3d 1181 (10th Cir. 2003).

## Discussion

### I. Introduction

As a general rule, spouses making a joint Federal income tax return are jointly and severally liable for all taxes shown on the return or found to be owing. Sec. 6013(d)(3). In certain situations, however, a joint return filer can avoid such joint and several liability by qualifying for relief therefrom under section 6015. There are three types of relief available under section 6015: (1) Full or apportioned relief under section 6015(b), (2) proportionate tax relief for divorced or separated taxpayers under section 6015(c), and (3) equitable relief under section 6015(f), when relief is unavailable under either section 6015(b) or (c). Petitioner's only claim is that she is entitled to equitable relief under section 6015(f).

Section 6015(f) provides:

> SEC. 6015(f). Equitable Relief.--Under procedures prescribed by the Secretary, if--
>
> > (1) taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either); and
> >
> > (2) relief is not available to such individual under subsection (b) or (c),
>
> the Secretary may relieve such individual of such liability.

The parties agree that petitioner is eligible to be considered for equitable relief under section 6015(f) because relief is not available to petitioner under section 6015(b) or

(c).  They disagree, however, as to whether she has shown her entitlement to that relief.

## II.  Revenue Procedure (Rev. Proc.) 2003-61

### A.  Introduction

In accord with the statutory provision that relief is to be granted under section 6015(f) following "procedures prescribed by the Secretary," the Commissioner has issued revenue procedures to guide its employees in determining whether a taxpayer is entitled to relief from joint and several liability.  See Rev. Proc. 2003-61, 2003-2 C.B. 296, modifying and superseding Rev. Proc. 2000-15, 2000-1 C.B. 447.  Rev. Proc. 2003-61, supra, lists the factors that IRS employees should consider, and the Court consults those same factors when reviewing the IRS' denial of relief.  Pullins v. Commissioner, supra at __ (slip op. at 11).

Rev. Proc. 2003-61, supra, provides a three-step analysis for IRS employees to follow in evaluating requests for relief: Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at 297 (section 4.01), lists seven threshold conditions that must be met before the IRS will grant any relief; Rev. Proc. 2003-61, sec. 4.02, 2003-2 C.B. at 298 (section 4.02), lists circumstances in which the IRS will ordinarily grant relief as to liabilities that were reported on a return (the unpaid tax at issue in this case); and Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. at 298 (section 4.03), sets out eight nonexclusive factors that the IRS will consider in

determining whether equitable relief should be granted.  See Rev. Proc. 2003-61, secs. 4.01-4.03, 2003-2 C.B. at 297-298.  In addition, Rev. Proc. 2003-61, sec. 4.03(2), 2003-2 C.B. at 298, states:  "No single factor will be determinative of whether equitable relief will or will not be granted in any particular case.  Rather, the Service will consider and weigh all relevant factors, regardless of whether the factor is listed in * * * section 4.03."

B.  <u>Section 4.01:  Threshold Conditions</u>

Respondent concedes that petitioner meets the threshold conditions set forth in section 4.01.

C.  <u>Section 4.02:  Circumstances Ordinarily Allowing Relief</u>

1.  <u>Introduction</u>

Section 4.02 provides three conditions that, if satisfied, will ordinarily qualify a requesting spouse for relief by the IRS from liability for an underpayment of a properly reported liability.  The conditions are:

(a)  On the date of the request for relief, the requesting spouse is no longer married to, or is legally separated from, the nonrequesting spouse, or has not been a member of the same household as the nonrequesting spouse at any time during the 12-month period ending on the date of the request for relief.

(b)  On the date the requesting spouse signed the joint return, the requesting spouse had no knowledge or reason to know that the nonrequesting spouse would not pay the income tax liability.  The requesting spouse must establish that it was reasonable for the requesting spouse to believe that the nonrequesting

spouse would pay the reported income tax liability.
* * *

(c) The requesting spouse will suffer economic
hardship if the Service does not grant relief. * * *

Rev. Proc. 2003-61, sec. 4.02(1), 2003-2 C.B. at 298.

2. <u>Divorced, Separated, or Living Apart</u>

Petitioner concedes that she is still married to Mr. Bailey, and she makes no argument that they are legally separated. She testified that Mr. Bailey moved out of their marital residence (which she owns) in November 2006. Respondent concedes that when the request was made Mr. Bailey had been absent from that residence for more than 12 months. Nevertheless, respondent argues, that absence was temporary and, thus, does not qualify as an absence for determining whether petitioner and Mr. Bailey were not members of the same household. See sec. 1.6015-3(b)(3), Income Tax Regs.; Rev. Proc. 2003-61, sec. 4.03(2)(a)(i). Indeed, petitioner testified at trial: "[U]ntil today I always thought Mr. Bailey was going to move back in the home. He was picking up groceries. He was doing things. He said he needed time away from the home, and I believed him." On brief, petitioner contradicts her testimony as to the duration of her belief, claiming, without any support from the record, that her belief that he would return to the marital home "was brief and fleeting." Nevertheless, given Mr. Bailey's approximately 2-year absence from their marital home when petitioner made the request

in November 2008, we think it not unreasonable to value experience over hope and find that it was reasonable then to believe that he would not return. We conclude that his absence was, thus, not temporary, and he had not been a member of her household for at least 12 months when she made the request. Petitioner satisfies the first condition.

### 3. Knowledge or Reason To Know

Petitioner and Mr. Bailey signed the return on October 12, 2007, and she concedes that she signed it with knowledge of the resulting tax liability. She claims that that does not prove that she knew or had reason to know that Mr. Bailey would not pay the reported tax liability. That is so. But respondent proposes that we find as facts that, on October 12, 2007, (1) Mr. Bailey did not have an individually owned bank account, (2) petitioner and Mr. Bailey jointly owned both an HSBC checking and an HSBC money market account, both of which, on that date, were empty or nearly so, and (3) when she signed the return, she knew that Mr. Bailey had no liquid assets to draw upon to pay the reported liability. Because petitioner has not contradicted those proposed findings, we find accordingly. While on October 12, 2007, petitioner may not have known that Mr. Bailey would not pay the reported liability, she has failed to prove that she had no reason to know that Mr. Bailey would not pay that liability.

Indeed, the findings we have just made suggest the contrary. Petitioner fails to satisfy the second condition.

### 4. Economic Hardship

Economic hardship is defined as an inability to meet reasonable basic living expenses. Sec. 301.6343-1(b)(4), Proced. & Admin. Regs. In her opening brief, petitioner claims, with no citation of the record, "that she will suffer extraordinary financial hardship within the meaning of the * * * [Internal Revenue Code] if she is required to pay this tax." She echoes that claim in her answering brief, supported by exhibits attached to that brief, which we detached and returned to her as ex parte statements prohibited in a brief. See Rule 143(c). Respondent emphasizes what petitioner failed to show to establish economic hardship; to wit, she did not introduce into evidence account statements showing the current balances in her bank accounts, evidence of the current values of her equities in the various properties she concedes she owns, or evidence of her current income and personal expenses. Respondent looks at the income and expenses information petitioner reported in the request, which shows equal monthly income and expenses of $7,615, and he claims that, pursuant to his collection standards, the allowable living expenses for a four-person household are approximately $5,725 and that petitioner's stated income exceeds the allowable amount. He also points out that petitioner admits that she drives a Lexus

automobile, claims school expenses of $2,250 a month for sending her children to private school, and owns a vacation home in the Poconos (which petitioner testified had no value).  The parties have stipulated that petitioner currently owns and operates at least three companies involved in the rental real estate business and, directly or through those companies, owns at least seven properties.  Again, petitioner has failed to carry her burden of proving that she will suffer economic hardship if we do not grant her relief, and respondent's arguments and the stipulations suggest the contrary.  Petitioner fails to satisfy the third condition.

### 5.  Conclusion

Having satisfied only the first of the three conditions set forth in section 4.02(1), petitioner is not entitled to relief under the circumstantial test set forth in section 4.02.

### D.  Section 4.03:  Mitigating Factors

#### 1.  Introduction

Section 4.03 applies to requesting spouses who filed a joint return, request relief under section 6015(f), and satisfy the threshold conditions of section 4.01, but do not qualify for relief under section 4.02.  It lists eight nonexclusive factors to be considered in determining whether, taking into account all the facts and circumstances, it is equitable to grant the requesting spouse full or partial equitable relief under section

6015(f).  The eight factors are:  (1) Marital status, (2) knowledge or reason to know, (3) economic hardship, (4) nonrequesting spouse's legal obligation to pay the tax pursuant to a divorce decree or agreement, (5) significant benefit, (6) good-faith effort to comply with tax laws, (7) spousal abuse, and (8) mental or physical health.  The last two factors, if present, will weigh in favor of equitable relief, but, if not present, will not weigh against equitable relief.  We have already addressed the first three factors, and the first weighs in petitioner's favor, while the second two do not.

### 2.  Legal Obligation

This factor is neutral since petitioner and Mr. Bailey are not divorced.

### 3.  Significant Benefit

The test here is whether petitioner received significant benefit (beyond normal support) from the unpaid income tax liability.  See Rev. Proc. 2003-61, sec. 4.03(2)(a)(v), 2003-2 C.B. at 299.  The unpaid tax is in substantial part due to Mr. Bailey's gain on his sale of real property located on Sheffield Avenue in Brooklyn, New York.  Mr. Bailey deposited $249,838 of his proceeds from the sale in petitioner and Mr. Bailey's jointly owned HSBC money market account, which had a $52 balance before the deposit.  On March 21, 2007, petitioner withdrew $80,000 from that account, virtually emptying the account, and deposited that

sum into her individual savings account. At least $49,948 of the $80,000 she withdrew came from the proceeds deposited by Mr. Bailey. Petitioner used the withdrawn funds to pay the mortgage on her residence, to pay expenses of her Poconos vacation home, to pay her children's private school tuition, and to pay for food, utilities, and living expenses. Respondent suggests that petitioner's withdrawal prevented Mr. Bailey from paying the unpaid tax from the sale proceeds he had received and deposited in their joint account, deciding instead to use a portion of those proceeds for her own benefit. There is no evidence that she reserved anything for taxes, although she knew her withdrawal emptied the account and she had no assurance that Mr. Bailey had reserved anything for taxes. Petitioner has failed to carry her burden of showing that she did not receive significant benefit (beyond normal support) from the unpaid tax. Indeed, the evidence suggests the contrary.

### 4. Compliance With the Tax Laws

The test here is whether petitioner has made a good-faith effort to comply with the income tax laws following 2006, the year here in issue. See Rev. Proc. 2003-61, sec. 4.03(2)(a)(vi). Petitioner does not address this factor on brief beyond claiming that she is in full compliance. The parties have stipulated that petitioner did not file her 2008 Federal income tax return until July 19, 2010. There is no evidence that petitioner obtained an

extension of time to file that return.  Petitioner has failed to carry her burden of proving a good-faith effort to comply with the tax laws.  Indeed, the evidence suggests the contrary.

### 5.  Spousal Abuse

Petitioner makes no claim of spousal abuse, and this factor is of no account.

### 6.  Mental or Physical Health

The test here is whether petitioner was in poor mental or physical health on the date she signed the return or at the time of the request.  See Rev. Proc. 2003-61, sec. 4.03(2)(b)(ii).  In the request, petitioner stated that she had no physical or mental health problems either then or when she signed the return.  In her answering brief, she claims that, when she signed the return, she was suffering from a host of medical ailments, including severe headaches and mental stress.  We give credence to petitioner's contemporaneous statement, in the request.  Petitioner has failed to carry her burden of proving poor mental or physical health on the date she signed the return or at the time of the request.  This factor is of no account.

### 7.  Weighing the Facts and Circumstances

The only factor weighing in favor of relieving petitioner from liability is her marital status.  With respect to the factor of knowledge or reason to know that Mr. Bailey would not pay the reported liability, our findings suggest that petitioner did have

reason to know.  This factor weighs in favor of her retaining liability.  Likewise with respect to economic hardship, since our findings suggest that petitioner would not suffer economic hardship if she were to retain liability.  And similarly with respect to the factors of significant benefit and compliance with the tax laws.

Accordingly, after considering and weighing all the factors, we find that it would not be inequitable to hold petitioner liable for the unpaid tax.

III.  Conclusion

To reflect the foregoing,

An appropriate order of dismissal and decision will be entered.