ALEXANDER J. & SARA LEA TAUBER, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tauber v. Comm'r
Docket No. 15816-12
United States Tax Court
2014 U.S. Tax Ct. LEXIS 23; April 15, 2014, Entered
*23 Petitioner, Pro se.
For Respondent: Rose E. Gole, Chief Counsel, IRS (SBSE), New York, NY.
Joseph H. Gale, Judge.
Joseph H. Gale
ORDER OF DISMISSAL AND DECISION
When this case was called from the calendar of the Court's New York, New York Trial Session on September 30, 2013, there was no appearance by or on behalf of petitioners. Counsel for respondent appeared and filed a Motion to Dismiss for Lack of Prosecution in a Reduced Amount. On the morning of the calendar call, petitioner Alexander J. Tauber (petitioner) telephoned the undersigned's chambers to request a continuance, and a document that petitioner faxed to the undersigned's chambers that same day confirming the request was filed as petitioners' Motion for Continuance. This motion was dilatory because it was filed 30 days or less prior to the date of the trial session without good reason, and was accordingly denied. SeeRule 133.[1]
In view of petitioners' eleventh-hour attempt to have the case continued, the Court decided to offer *24 them an opportunity to explain their reasons for failing to appear for trial and, if true as represented by respondent, their failure to cooperate with respondent to prepare the case for trial. Petitioners' opportunity to explain was afforded them in the Court's Order to Show Cause, served on them on November 5, 2013, which directed them to show cause, on or before December 19, 2013, why respondent's Motion to Dismiss should not be granted. To date, more than five months after the Order to Show Cause was served on petitioners, the Court has not received a response from them. As discussed more fully below, the Court concludes that dismissal is appropriate.
The Court may dismiss a case at any time and enter a decision against the taxpayer for failure to properly prosecute, failure to comply with the Rules of the Court or any order of the Court, or for any cause which the Court deems sufficient. Rule 123(b); see Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir. 1987), aff'gT.C. Memo. 1986-223; Tipton v. Commissioner, 127 T.C. 214, 217 (2006). The Court may also dismiss a case for lack of prosecution if the taxpayer inexcusably fails to appear at trial and does not otherwise participate in the resolution of the taxpayer's case. Tipton v. Commissioner, 127 T.C. at 217; see alsoRule 149(a); Brooks v. Commissioner, 82 T.C. 413, 423-425 (1984), aff'd without published opinion, 772 F.2d 910 (9th Cir. 1985).
On April 29, 2013, the Court's Notice Setting *25 Case for Trial, scheduling a trial in this case for September 30, 2013, and Standing Pretrial Order were served on petitioners by mail at the address provided in the petition. This mailing was not returned. Additionally, petitioner admitted that he had received these documents during the aforementioned telephone call to the undersigned's chambers. Petitioners failed to appear for trial on September 30, 2013, in direct violation of the Court's Notice Setting Case for Trial, which warned that "[y]our failure to appear may result in dismissal of the case and entry of decision against you." In the Motion for Continuance, petitioner contends that he was unable to appear for trial because of his observance of a religious holiday. Petitioner would have been aware of this conflict, however, when he received the April 29, 2013 Notice Setting Case for Trial. He could have sought a continuance then, but instead waited until the day of trial to do so. As noted previously, petitioners' Motion for Continuance submitted on the day of trial was denied as dilatory. Additionally, petitioners failed to submit a pretrial memorandum, as directed in the Standing Pretrial Order. The Order further warned that " *26 [t]he Court may impose appropriate sanctions, including dismissal, for any unexcused failure to comply with this Order."
Moreover, petitioners have had more than five months to respond to the Order to Show Cause and explain their failure to appear for trial or to cooperate with respondent's counsel's efforts to prepare the case for trial. They have not done so.
In view of petitioners' failure to cooperate, to appear for trial, to file a pretrial memorandum, or to respond to the Order to Show Cause, we conclude that it is appropriate to dismiss petitioners' case for lack of prosecution.
In the notice of deficiency, respondent determined a deficiency of $10,133 in petitioners' Federal income tax for taxable year 2007. In respondent's Motion to Dismiss, he seeks a decision sustaining a deficiency in a reduced amount, $5,887, that he proposed for settlement purposes. All of the material allegations set forth in the petition in support of the assignments of error have been denied in respondent's answer. Petitioners have not claimed or shown entitlement to any shift in the burden of proof under section 7491(a). Accordingly, the burden of proof rests with petitioners concerning any error in the determination of *27 the deficiency. Having failed to appear for trial, petitioners have adduced no evidence in support of the assignments of error in the petition, and have thus failed to satisfy their burden of proof. Therefore, we sustain respondent's deficiency determination in the reduced amount.
In the notice of deficiency, respondent also determined that petitioners are liable for an addition to tax under section 6651(a)(1) of $425 for 2007, but concedes the addition in his Motion to Dismiss.
Finally, respondent determined in the notice of deficiency that petitioners are liable for an accuracy-related penalty under section 6662(a) of $2,027 for 2007. In respondent's Motion to Dismiss, he seeks a decision sustaining the accuracy-related penalty in a reduced amount, $1,777, that respondent contends was proposed by him to settle the case.[2]The Commissioner generally bears the burden of production with respect to the liability of any individual for any penalty or addition to tax. Sec. 7491(c). However, we have held that where the taxpayer fails to state a claim with respect to a penalty or addition to tax, the Commissioner incurs no obligation to produce evidence in support of the individual's liability pursuant to section 7491(c), see Funk v. Commissioner, 123 T.C. 213, 216-218 (2004); Swain v. Commissioner, 118 T.C. 358, 364-365 (2002), at least where nothing *28 in the record suggests the addition or penalty has been incorrectly computed.
Section 6662(a) imposes a penalty equal to 20% of any underpayment of tax attributable to, among other things, a substantial understatement of income tax or to negligence or disregard of rules or regulations. An underpayment of tax for this purpose is defined as the excess of the amount of income tax imposed over the sum of the "amount of tax shown as the tax by the taxpayer on his return" and any tax previously assessed (or collected without assessment), less any rebates. Sec. 6664(a); sec. 1.6664-2(a), Income Tax Regs. The "amount of tax shown as the tax by the taxpayer on the return", for purposes of computing an underpayment of tax, is reduced by some refundable credits claimed, including additional child tax credits, but *29 not below zero. See Rand v. Commissioner, 141 T.C. 12, (slip op. at 33) (Nov. 18, 2013). These refundable credits can, however, reduce the "amount shown as the tax by the taxpayer upon his return" below zero for purposes of calculating a deficiency. Seesec. 6211(b)(4).
The amount of the deficiency that respondent now seeks and that we herein sustain ($5,887) matches the amount of additional child tax credits refunded to petitioners that respondent disallowed in the notice of deficiency ($5,887). We accordingly find that the deficiency is entirely attributable to the refunded tax credits. In the deficiency now sought by respondent, these refunded credits did not offset an amount shown as tax by petitioners on the return; they only serve to reduce the amount below zero. Consequently, petitioners have no underpayment for 2007 for purposes of section 6664(a). Rand v. Commissioner, 141 T.C. 12 ,     (slip op. at 33) (Nov. 18, 2013). Where, as here, the record demonstrates that the penalty sought by respondent is erroneously calculated, we conclude that it should not be sustained, without regard to whether petitioners have stated a claim in the petition concerning the penalty.
On the basis of the foregoing, it is
ORDERED that the Court's Order to Show Cause dated November 4, 2013 is hereby made absolute. It is further
ORDERED *30 that respondent's Motion to Dismiss for Lack of Prosecution is granted and this case is herewith dismissed for lack of prosecution. It is further
ORDERED AND DECIDED that there is a deficiency in petitioners' 2007 income tax due of $5,887, and no addition to tax under section 6651(a) or accuracy-related penalty under section 6662(a) for 2007.
(Signed) Joseph H. Gale
Judge
ENTERED: APR 15 2014
Footnotes
1. Rule references are to the Tax Court Rules of Practice and Procedure and section references are to the Internal Revenue Code of 1986, as in effect for the year in issue. All amounts are rounded to the nearest dollar.↩
2. The $1,777 figure in the Motion to Dismiss appears to contain a typographical error. The figure for the accuracy-related penalty in respondent's settlement proposal (attached as Exhibit C to his Motion to Dismiss) is $1,177 (a figure which is 20% of the reduced deficiency being sought). This discrepancy need not concern us however because, as discussed below, we conclude that petitioners are not liable for any accuracy-related penalty for 2007.↩