

# United States Tax Court
Washington, DC 20217

| | |
|---|---|
| Ana Margarita Fiengo, Petitioner, and | ) |
| Pascual E. Fiengo, Sr., Intervenor | ) |
| | ) |
| Petitioners | ) |
| | ) Docket No. 1250-20 |
| v. | ) |
| | ) |
| Commissioner of Internal Revenue, | ) |
| | ) |
| Respondent | |

## ORDER OF SERVICE OF TRANSCRIPT

Pursuant to Rule 152(b) of the Tax Court Rules of Practice and Procedure, it is

ORDERED that the Clerk of the Court shall transmit herewith to petitioner, intervenor, and to the Commissioner a copy of the pages of the transcript of the trial in this case before the undersigned judge at the Jacksonville, Florida remote session containing his oral findings of fact and opinion rendered at the conclusion of the trial session at which the case was heard.

In accordance with the oral findings of fact and opinion, a decision will be entered for respondent.

**(Signed) Christian N. Weiler**
**Judge**

**Served 02/03/22**

Bench Opinion by Judge Christian N. Weiler

December 17, 2021

Ana Margarita Fiengo, Petitioner and Pascuzi E. Fiengo Sr., Intervenor v. Commissioner

Docket No. 1250-20

THE COURT: This Court has decided to render oral findings of fact and opinion in this case, and the following represents the Court's oral findings of fact and opinion. The oral findings of fact and opinion shall not be relied upon as precedent in any other case.

This bench opinion is made pursuant to the authority granted by section 7459(b) of the Internal Revenue Code of 1986, as amended, and Rule 152 of the Tax Court Rules of Practice and Procedure. Hereinafter in this bench opinion, all section references are to the Internal Revenue Code of 1986, as amended, in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts are rounded to the nearest dollar.

This case arises from respondent's Final Notice of Determination denying petitioner's request for innocent spouse relief from joint and several liability in respect of underpayments of tax reported on joint Federal income tax returns for the taxable years 2011, 2012, 2013, and 2014 (hereinafter "years in issue"). As of November 15,

2021, petitioner owes $11,339 for the 2011 tax year; $11,285 for the 2012 tax year; $4,062 for the 2013 tax year; and $15,668 for the 2014 tax year, all of which are comprised of unpaid taxes, penalties, and interest.

Petitioner filed these joint returns with Pascual E. Fiengo, Sr., her now former spouse. Petitioner filed a timely petition for review with this Court. Pascual Fiengo, intervenor, exercised his right to intervene in this action pursuant to section 6015(e)(4) and Rule 325(b), and he enjoys the rights of a party in this case. See Tipton v. Commissioner, 127 T.C. 214, 217 (2006). Both petitioner and intervenor resided in Florida at the time the petition was filed.

Petitioner and intervenor appeared at trial pro se. Edward A. Waters appeared on behalf of respondent. The issue for decision is whether petitioner is entitled to innocent spouse relief pursuant to section 6015(b), (c), or (f) for the years in issue.

Background

The parties filed with the Court a stipulation of facts, with accompanying exhibits, that is incorporated herein by this reference.

Petitioner and intervenor filed joint Federal income tax returns for the years in issue. The joint returns filed for 2011, 2012, and 2013 were filed after

the due date, including extensions. The joint return for 2014 was timely filed. Respondent accepted petitioner and intervenor's joint returns for all years as filed.

Petitioner and intervenor jointly owned a business. Intervenor acted as the tradesman and performed the actual labor for the business, while petitioner did paperwork for the business and performed other administrative duties. Petitioner and intervenor listed the business on Schedule E, Supplemental Income and Loss, of their returns filed for the years in issue. Petitioner and intervenor each received a Schedule K-1, Shareholder's Share of Income, Deductions, Credits, etc., for income related to their interest in the business during the years in issue. The joint account transcripts for the years in issue reflect underpayments of tax, primarily attributable to income related to the business owned by petitioner and intervenor. Petitioner was responsible for both the personal and business finances of both petitioner and intervenor from 1984 through 2018.

On or about November 16, 2018, intervenor filed a Petition for Dissolution of Marriage. Pursuant to the Final Judgment of Dissolution of Marriage and Order on Report and Recommendation of General Magistrate, dated April 6, 2021, petitioner and intervenor are now divorced. Prior to their divorce being finalized, petitioner and

intervenor lived separate and apart for more than 12 months. Petitioner has no dependents who are minor children.

Petitioner filed Form 8857, Request for Innocent Spouse Relief, which was received by respondent on or about February 13, 2019. Respondent issued a Final Notice of Determination to petitioner, dated November 15, 2019, denying relief under section 6015(f). Petitioner filed a petition with this Court on January 21, 2020, challenging respondent's determination. Intervenor subsequently filed a Notice of Intervention with this Court on August 3, 2020.

Petitioner's tax returns filed for the tax years 2016, 2017 reflect a filing status of "married filing separate". Petitioner's tax returns filed for the tax years 2018, 2019, and 2020, reflect a filing status of "single". Petitioner's returns for 2016 and 2017 were filed untimely, however she received a refund for both of those years. Petitioner's tax returns for 2018, 2019, and 2020 were timely filed.

Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Section 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due. Section 6013(d)(3).



Nevertheless, if certain requirements are met, the requesting spouse may be relieved of joint and several liability under section 6015.

Section 6015 provides a spouse with three alternative avenues to relief: (1) full or partial relief under subsection (b); (2) proportionate relief under subsection (c); and (3) if relief is not available under subsections (b) or (c) and taking into account all of the facts and circumstances it would be inequitable to hold the requesting spouse liable for all or a portion of the unpaid tax, equitable relief under subsection (f).

Petitioner does not contend that she is entitled to relief under section 6015(b) or (c). Furthermore, relief is not available to petitioner under section 6015(b) or (c) in this case because the amounts due for the years in issue are attributable to underpayments of tax as opposed to understatements of tax or tax deficiencies.

We therefore only need to address whether petitioner is entitled to relief under section 6015(f).

Section 6015(e)(7) provides that the Court's review of a determination made under that section shall be reviewed de novo and shall be based upon the administrative record established at the time of the determination and any additional newly discovered or

previously unavailable evidence. Petitioner, the requesting spouse, bears the burden of proving that she is entitled to relief. Rule 142(a); Porter v. Commissioner, 132 T.C. 203, 210 (2009).

In Revenue Procedure 2013-34, the Commissioner prescribed a nonexclusive list of factors that are considered in determining whether equitable relief should be granted to a requesting spouse. Although the Court consults these guidelines when reviewing the Commissioner's denial of relief, see Washington v. Commissioner, 120 T.C. 137, 147-152 (2003), the Court is not bound by them inasmuch as our analysis and determination ultimately turn on an evaluation of all the facts and circumstances. See Pullins v. Commissioner, 136 T.C. 432, 438-439 (2011).

Revenue Procedure 2013-34, section 4.01 sets forth threshold conditions that must be satisfied before the Commissioner will consider a request for equitable relief under section 6015(f). There is no dispute that petitioner satisfies the threshold conditions. At trial it was established that a portion of the underpayment tax liabilities at issue are attributable to petitioner. Accordingly, we find that relief for petitioner is available only as to the portion of income attributable to intervenor, as provided in in Revenue Procedure 2013-34,

section 4.01(7).

If a requesting spouse meets the threshold conditions for relief and is not eligible for streamlined relief (as is the case here because petitioner admitted to having knowledge of the underpayments at trial), the Commissioner may grant full or partial equitable relief after considering the following nonexclusive list of factors provided in Rev. Proc. 2013-34, sec. 4.03: (1) whether the requesting spouse was separated or divorced from the nonrequesting spouse when the IRS makes its determination; (2) whether the requesting spouse will suffer any economic hardship if relief is not granted; (3) whether (in an underpayment case) on the date the joint return was filed the requesting spouse did not know and had no reason to know that the nonrequesting spouse would not or could not pay the tax liability; (4) whether the requesting or nonrequesting spouse has a legal obligation to pay the outstanding Federal income tax liability; (5) whether the requesting spouse significantly benefitted from the unpaid income tax liability; (6) whether the requesting spouse has made a good faith effort to comply with Federal income tax laws for the taxable years following the taxable years to which the request for relief relates; and (7) whether the requesting spouse was in poor physical or mental health at the time the returns

for which relief is requested were filed, or at the time the requesting spouse requested relief. Any indication of abuse or the exercise of financial control by the nonrequesting spouse is a factor that may impact the other factors.  Revenue Procedure 2013-34, section 4.03(2).

In making a determination under section 6015(f), we consider the enumerated factors as well as any other relevant factors.  No single factor is dispositive.  See Pullins v. Commissioner, 136 T.C. at 448.

1.    Marital Status

Petitioner and intervenor divorced in April 2021, which was several years after respondent made his determination.  Therefore, we deem this factor to be neutral.

2.    Economic Hardship

A requesting spouse will suffer economic hardship if payment in part or all of the tax liability "will cause the requesting spouse to be unable to pay reasonable basic living expenses".  Revenue Procedure 2013-34, section 4.03(2)(b); see section 301.6343-1(b)(4)(i), Procedure & Administration Regulations.  The determination as to what constitutes a reasonable amount for basic living expenses may vary with the circumstances of the individual taxpayer but will not include the maintenance of an affluent or luxurious lifestyle.  Id.

Petitioner did not present any evidence that she would face economic hardship if she is required to pay any part of the tax liabilities for the years in issue. Accordingly, we find that petitioner would not face economic hardship if she was denied relief, and this factor is therefore neutral.

3. <u>Knowledge or Reason to Know</u>

In the case of an underpayment of tax due, this factor turns on whether, as of the date the return was filed or the date the requesting spouse reasonably believed the return was filed, the requesting spouse knew or had reason to know that the nonrequesting spouse would not or could not pay the tax at the time or within a reasonable time after the filing of the return. Revenue Procedure 2013-34, section 4.03(2)(c)(ii).

At trial, petitioner acknowledged that she held check writing authority over both business and personal accounts and handled the payment of business expenses and bills for at least some of the relevant time period. We therefore conclude that petitioner had knowledge of the underpayment, and this factor weighs against relief.

4. <u>Legal Obligation</u>

Petitioner and intervenor's Final Judgment of Dissolution of Marriage and Order on Report and Recommendation of General Magistrate, dated April 6, 2021,

eScribers

(973) 406-2250 | operations@escribers.net | www.escribers.net

does not impose a legal obligation on either petitioner or intervenor to pay outstanding income tax liabilities. Revenue Procedure 2013-34, section 4.03(2)(d). Therefore, this factor is neutral.

5. Significant Benefit

This factor calls for an evaluation of whether the requesting spouse received a significant benefit, beyond normal support, from the underpayment of tax. Revenue Procedure, section 4.03(2)(e). Normal support is measured by the circumstances of the particular parties. Porter v. Commissioner, 132 T.C. at 212.

There is no indication in the record that petitioner lived an extravagant lifestyle during the years in issue. Although it is likely petitioner received some benefit from the underpayments of tax, we cannot say on the record before us that she received a significant benefit within the meaning of Revenue Procedure 2013-34. Therefore, this factor is neutral.

6. Compliance with Tax Laws

Respondent asserts that petitioner has not fully complied with the income tax laws for the years following the tax years in issue. Petitioner disputes this and asserts that her subsequent tax returns were correctly and timely filed. The record indicates that petitioner filed her returns for 2016 and 2017 untimely. Petitioner's

eScribers

(973) 406-2250 | operations@escribers.net | www.escribers.net

2018, 2019, and 2020 tax returns, however, were timely filed. Accordingly, we find that petitioner made a good faith effort to comply with Federal income tax laws but she was not in full compliance. Revenue Procedure 2013-34, section 4.03(2)(f)(iii). Therefore, this factor is neutral.

### 7. Mental or Physical Health

The record does not establish that petitioner was in poor physical or mental health at any relevant time. Revenue Procedure 2013-34, section 4.03(2)(g). Considering all the circumstances, this factor is neutral.

### 8. Abuse

Abuse comes in many forms, including efforts to control, intimidate, or undermine the requesting spouse's ability to reason independently and be able to do what is required under Federal tax laws. Revenue Procedure 2013-34, section 4.03(c)(iv)(g). All the facts and circumstances are considered in determining whether a requesting spouse was abused. Id.

Petitioner did not allege in her Form 8857 that she was a victim of spousal abuse, domestic violence, or suffering the effects of such abuse during any of the tax years relief is requested or when any of the returns were filed during the years in issue. Petitioner did, however, allege in her petition that her relationship with

intervenor was one of "intimidation and control, a form of abuse". While the Court takes allegations of abuse seriously, the record does not support a finding that intervenor abused petitioner, nor did any alleged abuse prevent petitioner from complying with Federal tax laws.

Conclusion

In section 6015(f) cases, we do not simply count the above-mentioned factors. We evaluate all of the relevant facts and circumstances to reach a conclusion. See Pullins v. Commissioner, 136 T.C. at 448; Revenue Procedure 2013-34, sections 3.05 and 4.03(2). In evaluating the relevant factors, we conclude that the knowledge factor weighs heavily against relief for petitioner.

Given the record before us, we find that it would not be inequitable to deny petitioner spousal relief for the years in issue. We have considered all of the arguments made by the parties and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit. To reflect the foregoing, an appropriate decision will be entered for respondent.

This concludes the Court's oral findings of fact and opinion in this case.

(Whereupon, at 10:30 a.m., the above-entitled matter was concluded.)



(973) 406-2250 | operations@escribers.net | www.escribers.net

CERTIFICATE OF TRANSCRIBER AND PROOFREADER

CASE NAME:   Ana Margarita Fiengo, Petitioner and Pascuzi

E. Fiengo Sr., Intervenor v. Commissioner

DOCKET NO.:   1250-20

We, the undersigned, do hereby certify that the foregoing pages, numbers 1 through 15 inclusive, are the true, accurate and complete transcript prepared from the verbal recording made by electronic recording by Donna Boardman on December 17, 2021 before the United States Tax Court at its remote session in Jacksonville, FL, in accordance with the applicable provisions of the current verbatim reporting contract of the Court and have verified the accuracy of the transcript by comparing the typewritten transcript against the verbal recording.

_____

Meribeth Ashley, CET-507                    1/3/22

Transcriber                                  Date


_____

Lori Rahtes, CDLT-108                        1/3/22

Proofreader                                  Date


(973) 406-2250 | operations@escribers.net | www.escribers.net